JOHN C. UNDERWOOD v. J. T. ROBISON, COMMISSIONER OF GENERAL
LAND OFFICE ET AL.

Motion No. 4233.   Decided June 28, 1918.

1.—Public Land—Development of Minerals—Forfeiture.

The Act of April 9, 1913 (Laws, 33d Leg., p. 409), regulating the acquiring of rights to prospect for and develop minerals on land belonging to the State, and providing for the forfeiture of rights acquired by permits issued thereunder on failure to do the work in development required by such Act, does not work a revocation and termination of such permit, ipso facto, on failure in such performance, until such termination has been endorsed by the Commissioner of the General Land Office upon the duplicate copy of such permit there retained.   (P. 228.)

2.—Same—Premature Application.

One who, on failure of the holder of a permit to prospect for minerals on public land to do development work required of him by the statute (Act of April 9, 1913, sec. 7), applied for a similar permit on the same land before endorsement of the termination of the former permit had been made by the Land Commissioner as required by said Act, acquired no right by his application, and is refused leave to file a petition for mandamus by the Supreme Court requiring the Commissioner to issue him a permit in preference to a subsequent application by another after the endorsement had been made.   (Pp. 228, 229.)

Motion by Underwood for leave to file a petition to the Supreme Court for writ of mandamus against Robison as Commissioner of the General Land Office.   Chester H. Bryan was joined with the Commissioner as co-respondent.

*Rowe & Kay* and *N. A. Rector,* for petitioner.

MR. JUSTICE HAWKINS delivered the opinion of the court.

The motion is for leave to file a petition for the writ of mandamus. Leave is refused because, in our opinion, the petition is without merit, in that it presents a question of law which plainly is controlled by previous decisions of this court.

The question raised is this:   Does the Act of 1913, chapter 173, pages 409 et seq., relating to the prospecting of school lands and the development of minerals thereon, provide for *ipso facto* forfeitures of mineral rights acquired under said statute, because of failure to comply with its requirements, or does the extinguishment of such rights, for such causes, await the action of the Commissioner of the General Land Office in making, upon the duplicate copy of the permit retained in the General Land Office, an endorsement of such forfeiture?

We hold to the latter view.   Said Act of 1913 does, indeed, declare that failure of the owner of the permit to comply with certain requirements "shall work a revocation of said permit and the termination of the rights of the owner"; but that declaration is followed, immediately, by the provision, "such termination shall be endorsed by the Commissioner of the General Land Office, upon a duplicate of the permit retained in the General Land Office."

The policy of our laws, as expressed in various earlier statutes relating to public lands, and as worked out and declared in several decisions of this court construing them, has been against *ipso facto* forfeitures and in harmony with the theory that affirmative action by the Commissioner in expressly declaring a forfeiture, upon statutory grounds, and in duly making a statutory record thereof, must precede filings by other applicants. The legislative purpose seems to have been to require an official ascertainment and record of such forfeiture rather than to leave open, indefinitely, the issue of forfeiture *vel non,* thereby perhaps placing upon holders of subsequently accruing rights the burden of proof. Adams v. Terrell, Commissioner, 101 Texas, 331, 107 S. W., 537; Erp v. Robison, Commissioner, 106 Texas, 143, 155 S. W., 180.

It is to be presumed that in the enactment of said mineral rights statute of 1913 the Legislature intended that said decisions and said settled public policy should be read into it, and that it should not be construed as contemplating *ipso facto* forfeitures.

The motion is overruled.