**Jimmy Ray COLEMAN, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 9391.

Court of Appeals of Texas, Amarillo.

Aug. 31, 1982.

Stokes, Carnahan & Fields, Oscar P. Fields, Amarillo, for appellant.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Jimmy Ray Coleman challenges the county court's dismissal for lack of jurisdiction of his appeal from a justice court order probating the suspension of his operator's license, and seeks the rendition of judgment in his behalf. Concluding that the county court had jurisdiction of the appeal, but that we cannot render judgment on the record, we reverse and remand.

The Texas Department of Public Safety filed in the Collingsworth County justice court its petition for an affirmative finding of its allegations, briefly stated, that

(1) on or about 12 December 1980, Coleman was placed under arrest;

(2) while under arrest, he refused to submit to a chemical breath test after being duly requested to do so by a law enforcement officer; and

(3) probable cause existed at the time of arrest that Coleman was driving or in actual control of a motor vehicle on a public highway of this state while under the influence of intoxicating liquor;

and for judgment authorizing the Department's Director to suspend or deny Coleman's Texas operator's license and privilege to operate a motor vehicle in the state for a period not to exceed one year.[1] The Department's petition was drafted to effect the suspension authorized by Article 6701$l$–5.[2]

The statute mandates that if upon a hearing the court finds the affirmative of the foregoing allegations made by the Department, the Department's Director

shall suspend the person's license or permit to drive . . . for a period ordered by

---

1. For the purpose of hearing cases seeking the cancellation, suspension, and revocation of operator's licenses, jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county where the operator or licensee resides. Tex.Rev.Civ. Stat.Ann. art. 6687b, § 22(a) (Vernon Supp. 1982).

2. All articles cited are articles of the Texas Revised Civil Statutes Annotated (Vernon 1977; Vernon Supp.1982).

the court, but not to exceed one (1) year.... Provided, however, that should such person be found "not guilty" of the offense of driving while under the influence of intoxicating liquor or if said cause be dismissed, then the Director ... shall in no case suspend such person's driver's license....

Art. 6701*l*–5, § 2. The statute further provides that appeals from all actions of the Department under the statute's provisions in suspending, denying or refusing to issue a license shall be governed by Article 6687b. Art. 6701*l*–5, § 4.

█ In Article 6687b, the right of appeal is addressed in several sections, two of which, Sections 22(a) and 31, are noticed now. Section 22(a) grants the right of an appeal to the county court for a trial de novo from an affirmative finding either that an operator's license should be suspended or revoked or of guilt for one of the reasons listed in Section 22(b), a finding that authorizes, but does not require, the Department to suspend the license for a period not to exceed one year. The actual suspension of the license is not a prerequisite to the right of appeal under this section, *Texas Department of Public Safety v. King,* 366 S.W.2d 215, 218 (Tex.1963); but, if any administrative or executive action has been taken prior to the appeal, the action is voided by the perfection of the appeal. Art. 6687b, § 22(c).

Section 31 prescribes the right of an appeal to, and for a trial de novo in, the county court at law, or to the county court if there be no county court at law, by any person whose license is, among other things, suspended by the Department, and who shall file a petition within 30 days thereafter. The appeal abates the suspension pending the trial de novo on appeal to determine by a final judgment whether the license is subject to suspension.

Acting on the Department's petition, the justice of the peace signed a printed form entitled "PROBATION ORDER," above the title of which was handprinted "6 mo. suspension—probated 6 mo." The blank

spaces in the form were completed to record the justice's recommendation that the revocation or suspension of Coleman's driver's license be probated for a period of six months, conditioned upon Coleman not being convicted of any moving traffic law violation during the probationary period, or proven responsible for a motor vehicle accident. Since Article 6701*l*–5 contains no provision for probation, the probation of the suspension apparently was granted on the strength of Tex. Att'y Gen. Op. No. H–1201 (1978), which holds that a magistrate in an administrative hearing under Article 6701*l*–5 may probate the suspension of a driver's license.

Within 30 days after the justice's order, Coleman filed his petition for appeal in the County Court of Collingsworth County.[3] The Department, acting through the county attorney, moved to dismiss the appeal on the ground that the justice court's order did not suspend or revoke Coleman's operator's license, which is the only matter that could be appealed, and, until the justice of the peace revoked or suspended his license, the appeal is premature. Thereafter, Coleman supplemented his petition for appeal to allege that the driving while intoxicated charge against him in Castro County had been dismissed as shown by the attached copy of the order of dismissal.

The county court granted the Department's motion to dismiss and ordered that the "cause is ... dismissed." In rendering the court's judgment, the judge certified that no evidence was offered by either party and that the order of dismissal was based entirely upon the court's examination of the instruments on file.

Appealing, Coleman submits three points of error. No brief has been filed by or on behalf of the Department.

Initially, Coleman contends the court erred in dismissing his appeal. We agree.

█ The justice court order necessarily must have conformed to the pleadings and the proof. Tex.R.Civ.Pro. 301. It follows

---

**3.** There is no county court at law in Collingsworth County.

that the only basis for the order is that the justice found the affirmative of the allegations made by the Department. Upon these affirmative findings, the statute directs, in part, that the Department "shall suspend the person's license ... for the period ordered by the court, but not to exceed one (1) year." Art. 6701*l*–5, § 2. *See, also,* Tex. Att'y Gen. Op. No. H–1201 (1978). Given the affirmative findings, the statute operates, by its language, to automatically suspend the license for the permissible period ordered by the court without any further action, either by the court or by the Department, to effect the suspension.

Thus, both the tenor and the legal effect of the justice court order are that Coleman's driver's license was suspended for six months, albeit the suspension was ordered probated. The fact that the suspension was probated does not nullify the unrestricted right statutorily granted a person to appeal from a suspension. Art. 6701*l*–5, § 4. Had the legislature intended that no appeal would lie from a probated suspension, the legislature would have qualified the otherwise unrestricted right of appeal granted, and its failure to do so leaves the right of appeal controlled by the general rule in full force and effect. *See Department of Public Safety v. Robertson,* 203 S.W.2d 950, 951 (Tex.Civ.App.—Eastland 1947, no writ). Indeed, an appeal from a probated suspension is legislatively sanctioned in Article 6687b by the Section 22(e) provision for probating the suspension in a hearing under Section 22(a), which grants an unqualified appeal from an affirmative finding.

■ Coleman followed the proper statutory procedure to prosecute his appeal under Section 31, Article 6687b, thereby invoking the special statutory jurisdiction of the county court upon the filing of his petition. *Texas Department of Public Safety v. Gil,* 292 S.W.2d 832, 834 (Tex.Civ.App.—Austin 1956, no writ). When the county court's jurisdiction attached, not only was the probated suspension abated pending the court's final judgment, Art. 6687b, § 31, but the justice court order was nullified. *Rutledge v. Texas Department of Public Safety,* 483

S.W.2d 956, 958 (Tex.Civ.App.—Beaumont 1972, no writ).

■ Having acquired jurisdiction of the cause, the county court possessed the jurisdiction to determine, in a trial de novo, the questions at issue, but the court only determined that it did not have jurisdiction of the appeal, and dismissed the cause on that ground. Though erroneous, the judgment did not restore validity to the justice court order, *Roberts v. McCamant,* 70 Tex. 743, 8 S.W. 543, 544 (1888), and, in the absence of an appeal, effects a dismissal of the cause of action, leaving the matter as if the Department had not filed its petition in the justice court. *Advance Imports, Inc. v. Gibson Products Co.,* 533 S.W.2d 168, 170–71 (Tex.Civ.App.—Dallas 1976, no writ).

But Coleman has appealed, utilizing his first point of error to challenge the county court's judgment of dismissal for want of jurisdiction. Since the county court acquired jurisdiction of the appeal, the point must be sustained, requiring a reversal of the judgment of dismissal and a remand of the cause, unless judgment should be rendered under either of Coleman's other two points of error.

By these points, Coleman contends that the county court erred in failing to, and that this Court should, render a judgment which effects a termination of the Department's action to suspend his driver's license. His thesis is that he was and is entitled to judgment either because the Department failed to file any pleadings or offer any proof in the county court, or because the driving while intoxicated complaint against him was dismissed. As this record is postured, we cannot agree that he was entitled to judgment for either reason.

■ Coleman's contention that he was entitled to judgment when the Department failed to file any pleadings or offer any proof is based on these principles: upon prosecution of the appeal, the Department had the burden to plead and prove its case for a new judgment of suspension, *Knight v. Texas Department of Public Safety,* 361 S.W.2d 620, 623 (Tex.Civ.App.—Amarillo

1962, no writ), and upon the Department's failure to offer any proof on appeal, the licensee is entitled to judgment. *Webb v. Texas Department of Public Safety,* 473 S.W.2d 352 (Tex.Civ.App.—El Paso 1971, no writ). The principles are valid; but, under the record before us, the contention is premature.

■■ When the trial court dismissed the cause for want of jurisdiction, its judgment of dismissal was a final termination of the pending suit, *Texas-Carolina Oil Co. v. Fires,* 121 Tex. 396, 48 S.W.2d 600 (1932), until the judgment is properly set aside. *New Friendship Baptist Church v. Collins,* 453 S.W.2d 529, 530 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). Therefore, until the judgment of dismissal is set aside, there is no cause pending before the trial court and, thus, that court was without authority to render the judgment to which Coleman argues he is entitled. *Witty v. Rose,* 148 S.W.2d 962, 964 (Tex.Civ.App.—El Paso 1941, writ dism'd). We, of course, have no authority to render a judgment the trial court could not have rendered. *See* Tex.R.Civ.Pro. 434. The second point is overruled.

■ Coleman's other contention that he was and is entitled to judgment because the driving while intoxicated charge against him in Castro County was dismissed cannot be sustained for two reasons. First, although Article 6701*l*-5, § 2 provides that a person's driver's license shall not be suspended if the charged offense of driving while under the influence of intoxicating liquor be dismissed, this record is devoid of any proof that the Department's action to suspend Coleman's license is founded on events giving rise to the Castro County charge which he says has been dismissed.

■ Second, the judgment of dismissal upon which Coleman relies was not placed in evidence, it being merely an uncertified attachment to his pleadings. Even were it established that the Department's action

was founded on events leading to the pleaded judgment of dismissal, it is axiomatic that a court may not judicially notice a judgment in another case, *USLife Title Ins. Co. of Dallas v. Howard,* 603 S.W.2d 322, 325 (Tex.Civ.App.—Amarillo 1980, no writ). To be noticed, a judgment in another case must be placed in evidence. *Pfeffer v. Mahnke,* 260 S.W. 1031, 1033 (Tex.Comm'n App.1924, opinion adopted); [4] R. Ray, Texas Law of Evidence § 186 (Texas Practice 3d ed. 1980). The decision here is required by law to be exclusively upon the record of the cause appealed, just as it was in the trial court from which it is brought, *Pfeffer v. Mahnke, supra;* hence, until the pleaded judgment of dismissal rendered in Castro County is admitted in evidence in this cause, it cannot be credited. The third point is overruled.

The trial court's judgment of dismissal is reversed, and the cause is remanded for reinstatement on the docket of the County Court of Collingsworth County.

---

4. The opinion in this case was withdrawn and the cause was dismissed without opinion on agreed motion filed 20 December 1924, 40B Texas Digest *Table of Cases* p. 41 (1973); but this does not affect the validity of the principles stated, which are drawn from recognized authority cited in the opinion.