**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

**v.**

**Ronald Lee MEREDITH, Appellee.**

**No. 05–86–00654–CV.**

Court of Appeals of Texas,
Dallas.

May 11, 1988.

Gordon H. Montgomery, Dallas, David M. Douglas, Austin, for appellant.

Stanley I. Weinberg, Dallas, for appellee.

Before ENOCH, C.J., and STEPHENS and HOPKINS,[1] JJ.

**1.** The Honorable Harry W. Hopkins, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

**2.** Unless otherwise noted, all statutory references are to the Texas Revised Civil Statutes.

## ON MOTION FOR REHEARING

ENOCH, Chief Justice.

Appellee filed a motion for rehearing. Appellee's motion for rehearing is granted. Our former opinion is withdrawn. The following is now the opinion of the Court.

The issue to be resolved in this appeal is whether the failure of the director of the Texas Department of Public Safety (the Department) timely to request a driver's license suspension hearing before a justice of the peace under section 2(f) of article 6701*l*–5 (Vernon Supp.1988)[2] deprived the county court at law of jurisdiction to conduct the driver's license suspension proceedings at issue in this appeal. We hold that it did not. Having said this, we must next determine whether such failure, however, precluded suspension of the driver's license. We hold that it did. Accordingly, we reverse the trial court's dismissal for want of jurisdiction and render judgment that appellee's driver's license be reinstated.

The facts in this case are set forth in an agreed statement made by the parties pursuant to rule 50(c) of the Texas Rules of Appellate Procedure. In summary, they establish that on June 16, 1984, Ronald Lee Meredith (Meredith) was arrested for driving while intoxicated. After having received all notices and warnings required by law, Meredith was requested to submit to a breath test on an intoxilyzer. He refused to do so. On July 11, 1984, Meredith was notified that pursuant to the provisions of article 6701*l*–5, section 2(f), his license would be suspended for ninety days based upon his refusal to submit to the intoxilyzer test. On July 19, 1984, Meredith timely requested a hearing before a justice of the peace to contest the license suspension. Although the director failed timely to request a setting for this hearing, a hearing was held before a justice of the peace on October 16, 1984. Pursuant to an order of the justice of the peace, the director suspended Meredith's license.[3]

**3.** Although not set out in the record, Meredith states in his brief that his license was actually suspended on November 12, 1984. *See* TEX.R. APP.P. 74(f).

On February 13, 1986, the suspension proceeding was heard de novo in County Court at Law Number Three of Dallas County, Texas, and the trial court entered an order dismissing the case for *want of jurisdiction.* The court subsequently filed conclusions of law as follows:

1. The requirement in *Article 6701l–5, (2), (f), V.T.C.S.,* that the Department "shall, not later than the 10th day after the receipt of the demand, request a court to set the hearing for the earliest possible date", is mandatory and failure to comply is [sic] jurisdictional defect.

2. The Department's Counterclaim should be dismissed for *want of jurisdiction* and Plaintiff's driving privileges *reinstated.*

3. Costs of court should be paid by the Department.

(emphasis added).

The Department's first point of error asserts that the county court at law erred in holding that the director's failure timely to request a hearing setting before the justice court deprived the trial court of jurisdiction and, thus, required dismissal of the cause. As to this point, we agree.

At the time of the events of this case, sections 22(a), 22(c), and 31 of article 6687b and sections 2(f) and 4 of article 6701l–5 governed review of a driver's license suspension resulting from a driver's refusal to submit to an intoxilyzer test.[4] Article 6701l–5, section 2(f) authorized an initial review by a justice of the peace. That review was obtained in the following manner.

Once a licensee refused to submit a blood or breath specimen, the officer to whom the refusal was made was required immediately to file a written report of the refusal with the director. *See* art. 6701l–5, § 2(d). The director, after assuring that the report

met statutory requirements, suspended the licensee's driver's license for a period of 90 days. *See* art. 6701l–5, §§ 2(e), 2(f). This suspension became effective 28 days after the licensee received notice of the suspension by certified mail. *Id.*

If, not later than 20 days after receiving notice of the suspension, the licensee made a demand for a hearing before a justice of the peace, article 6701l–5, section 2(f) directed the department to request a setting within 10 days of receipt of the licensee's demand for that hearing. The hearing was to be set in the same manner as a hearing under article 6687b, section 22(a).

In the review by the justice of the peace, the licensee was entitled to have factual determinations as to whether: (1) probable cause existed that the licensee or operator was driving or in actual physical control of a motor vehicle on the highway or public beach while intoxicated; (2) the licensee or operator was placed under arrest by the officer and was offered an opportunity to give a blood/breath specimen; and (3) the licensee or operator refused to give the specimen upon request of the officer. *See* art. 6701l–5, § 2(f); art. 6687b, § 22(a).

If the justice of the peace made affirmative findings on each of these three issues, section 2(f) required the director to suspend the licensee's driver's license for 90 days. If the justice of the peace failed to find one or more of the elements enumerated in subsection (f), the director was directed to reinstate the license. Art. 6701l–5, § 2(g).

Neither article 6701l–5, section 2(f) nor article 6687b, section 22(a) set out the procedural prerequisites for obtaining a review before the county court at law. However, after considering the applicable statutes, we conclude that if the findings of the justice of the peace resulted in suspension of a license, the licensee perfected an ap-

4. Act of June 18, 1987, ch. 1127, §§ 6, 7, 1987 Tex.Sess.Law Serv. 7760, 7765 (Vernon), amended section 31 and repealed section 22(c) of article 6687b, effective September 1, 1987. The provisions of article 6687b, as they existed prior to these amendments, govern this appeal. Act of June 18, 1987, ch. 1127, § 8, 1987 Tex. Sess.Law Serv. 7760, 7766 (Vernon). Therefore this opinion construes article 6687b as it existed

prior to the revisions of 1987. *See* Act of April 23, 1941, ch. 173, § 31, 1941 Tex.Gen.Laws, 245, 255, for the text of art. 6687b, § 31 applicable to this case. The applicable text for art. 6687b, § 22(c) can be found in Act of June 19, 1965, ch. 717, § 3, 1965 Tex.Gen.Laws 1663, 1665. Other sections of articles 6687b and 6701l–5 discussed in this appeal are unchanged by the 1987 amendments.

peal under 6687b, section 31 (amended 1987) by filing a petition in the county court. *See Coleman v. Texas Department of Public Safety,* 639 S.W.2d 34, 36 (Tex. App.—Amarillo 1982, no writ). Under article 6701*l*-5, section 2(f), the initial hearing before the justice of the peace was to be "set in the same manner as a hearing under [s]ection 22(a)." Proceedings under section 22(a) have been characterized as merely special statutory proceedings, more in the nature of administrative rather than judicial proceedings. *Prince v. Garrison,* 248 S.W.2d 241, 244 (Tex.Civ.App.—Eastland 1952, no writ) (on rehearing) (construing an earlier version of section 22(a)). An irregularity in these initial proceedings did not defeat the jurisdiction of the county court at law.

Meredith argues that the director's suspension order was rendered null and void by the provisions of article 6687b, section 22(c) (repealed 1987). However, this section only voided the director's order once "an appeal [was] filed and the [county court at law] thereby *acquire[d] jurisdiction*" over the appeal. Art. 6687b, § 22(c) (repealed 1987) (emphasis added); *see also Coleman,* 639 S.W.2d at 37. The county court's decision in this case that it lacked jurisdiction to hear the appeal would also mandate that it lacked jurisdiction to set aside the director's suspension order. *See Id.* at 38.

This is an appeal from the judgment entered by the county court at law. The action was brought pursuant to article 6687b, section 31 (amended 1987) as a trial de novo. By express statutory authority, the county court's jurisdiction was invoked when Meredith filed his petition. Article 6687b, § 22(c) (repealed 1987). The Department's first point of error, attacking the trial court's finding that the director's failure to request a hearing as provided for in article 6701*l*-5, section 2(f) was jurisdictional, is sustained.

Because the trial court dismissed this case for want of jurisdiction and because we hold such ruling to be error, we must reverse. However, this does not end our inquiry. The Department's second point of error asserts that the county court at law erred in holding that the provisions of article 6701*l*-5, section 2(f) are mandatory, because said provisions are merely directory in nature. We disagree.

The question is whether the failure of the Department of Public Safety to ask the court for a hearing within 10 days after receiving Meredith's hearing request as required by statute precluded suspension of his license. This question has been answered adversely to the Department. *Balios v. Texas Department of Public Safety,* 733 S.W.2d 308, 311 (Tex.App.—Amarillo 1987, writ ref'd). The record before this Court shows that the Department failed within 10 days of Meredith's notice to request a hearing before the justice of the peace. Consequently, as a matter of law, the Department is precluded from suspending Meredith's license. The Department's second point of error, attacking the trial court's finding that the directive of article 6701*l*-5, section 2(f) is mandatory, is overruled.

The trial court's judgment of dismissal is REVERSED and judgment is RENDERED in favor of Meredith.

STEPHENS, J., dissents with opinion.

STEPHENS, Justice, dissenting.

I disagree with the statutory construction afforded § 2(f) of Article 6701*l*-5 Texas Revised Civil Statutes (Vernon Supp. 1988) by the majority; accordingly, I dissent.

The facts of this case are undisputed. Meredith was arrested for driving while intoxicated but refused to take an intoxilyzer test. This fact was properly reported to the Texas Department of Public Safety by the arresting officer. The Director of the Department of Public Safety, upon receipt of the officer's report, complied with all the terms of article 6701*l* § 2(f) by notifying Meredith of its proposed action, *save* and *except,* upon receipt of Meredith's request for a hearing, the director failed to "not later than the 10th day after the date of receipt of the demand, request a court to

set a hearing for the earliest possible date."

Two questions before this court are: (1) whether the language of the statute that "the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date" is mandatory or directory, and (2) if the quoted language is mandatory, does the failure of the director to request a hearing in accordance with the statute deprive the relevant administrative court of jurisdiction?

The majority opinion answers the first question affirmatively, holding that the provision is mandatory, yet holds that the failure to comply is not jurisdictional and thus not fatal to further prosecution by the department.

Resolution of these questions requires a detailed analysis of the appropriate statutes. The Director of the Department of Public Safety is empowered to suspend the driver's license of motorists who operate their vehicles in violation of article 6701*l*–5, provided the statutory requirements are followed.

### ARTICLE 6701*l*–5

Section 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated.

Section 2. (a) [I]f a person under arrest refuses, upon the request of a peace officer, to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license ... to operate a motor vehicle will be automatically suspended for 90 days *after the date of the adjournment of the hearing* provided for in Subsection (f) of this section.... The officer shall inform the person that the person has a right to a hearing on suspension ... if, not later than the 20th day after the date on which the notice of suspension ... is received, the department receives a written demand that the hearing be held.

\*　\*　\*　\*　\*　\*

(d) If the person refuses to give a specimen, ... the officer before whom the refusal was made shall immediately make a written report of the refusal to the Director of the Texas Department of Public Safety.

\*　\*　\*　\*　\*　\*

(f) When the director receives the report, the director shall suspend the person's license ... for 90 days *effective 28 days after the date the person receives notice* by certified mail.... If, not later than the 20th day after the date on which the person receives notice by certified mail, ... the department receives a written demand that a hearing be held, the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date. The hearing shall be set in the same manner as a hearing under Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687(b), Vernon's Texas Civil Statutes). If, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle on the highway or upon a public beach while intoxicated, (2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen the provisions of this Act, and (3) that such person refused to give a specimen upon request of the officer, then the Director of the Texas Department of

Public Safety shall suspend the person's license ... for a period of 90 days, as ordered by the court.

(g) If, after the hearing, the court finds in the negative one of the issues required by Subsection (f) of this section, the director shall reinstate any license ... to operate a motor vehicle and shall rescind any order prohibiting the issuance of a license or permit on the basis of the person's refusal to give a specimen under Subsection (d) of this section.

(h) A written report submitted by an officer under Subsection (d) of this article is a governmental record for the purposes of Section 37.10, Penal Code.

Section 3. (a) Upon the trial of any criminal action or proceeding arising out of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701*l*–1, Revised Statutes, evidence of the alcohol concentration or presence of a controlled substance or drug as shown by analysis of a specimen of the person's blood, breath, urine, or any other bodily substance taken at the request or order of a peace officer, shall be admissible.

\*   \*   \*   \*   \*   \*

(g) If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon Supp.1988) (emphasis added).

Although this quotation of the statute is lengthy, I believe it necessary to properly construe the requirement of the statute that the director request a hearing not later than the tenth day after receipt of a demand. An analysis of the above statute, section by section, is necessary to explain my conclusion that section 2(f) is both mandatory and jurisdictional.

First, we learn from reading the clear language of Section 1 of the statute, that operators of motor vehicles upon public roads or beaches in the state of Texas are deemed to have given consent to the taking of one or more specimens of their breath or blood, in the event of their arrest for driving while intoxicated, by any peace officer having reasonable grounds to believe that they are in fact driving while intoxicated.

From Section 2 we learn that if an arrested person refuses the request of a peace officer to give a specimen, then none shall be taken. We also learn that before requesting the person to give the specimen, the officer must inform the person that failure to give the specimen will result in automatic suspension of his or her driver's license for ninety days after the date of the adjournment of the hearing provided in subsection (f), whether or not the person is subsequently criminally prosecuted as a result of the arrest. Furthermore, the officer must inform the person that he or she has a right to a hearing on suspension if, not later than the twentieth day after the date on which the notice of suspension is received, the department receives a written demand from that person for a hearing.

At this point in the procedure, it is perfectly clear that the person arrested has been informed of the pending suspension, but that he or she is entitled to a hearing, if he or she wishes, before any suspension can become effective.

The officer then notifies the director in writing of the person's refusal to give a specimen, following the statutory procedures, and must include the pertinent information required by the statute in the notice. This action is mandatory by its very language, and not discretionary with the officer.

The statute next, in subsection (f), requires that upon receipt of the officer's written notice, the director is to suspend the person's license, effective twenty-eight days after he sends notice to the licensee by certified mail of his action upon the officer's report. However, subsection (f) further provides that if the director receives from the licensee a written demand for a hearing on the officer's charges levied against him, the department then shall, *not later than the tenth day after receiving such demand from the licensee, re-*

quest a court to set a hearing for the earliest possible date. Furthermore, subsection (f) provides that, if at the hearing the court finds each of the three allegations contained in the officer's report to be correct, the director shall then suspend the licensee's license.

Thus far in my analysis of the statute, its clear language shows that the licensee is aware that his or her failure to request a hearing results in an automatic suspension, which can only be effective twenty-eight days after the licensee received notice of the upcoming suspension. *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–5 § 2(f). However, the licensee is also aware that his or her demand for a hearing will effectively deny the director's right to suspend his or her license, pending a court hearing and determination of the allegations of the arresting officer. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–5 § 2(f)(after findings by the administrative court, *"then* the director for the Texas Department of Public Safety shall suspend the person's license." (emphasis added)).

Subsection (g) however, creates an anomaly. This section orders the director, upon an adverse finding by the trial court as to the allegations of the officer, to *reinstate* the licensee's license. This is an impossible mandate, because by the clear language of the statute the director's right to suspend the licensee's license has been absolutely stayed pending determination of the facts by the trial court. I believe the word "reinstate" as used in subsection (g) is a misnomer. We must construe this subsection in light of the entire statute. Article 5701*l*–5 explicitly states in two other places, that is in subsection (b) and subsection (f), that the person's license will not be suspended until AFTER the adjournment of the hearing. Logic requires a construction that the legislature intended that if the allegations made by the officer were found to be untrue, then the licensee was to be returned to the status quo, and the officer's report to the department was to be purged from the licensee's record. This intent is further evidenced, in my mind, by the inclusion in the statute of subsection (h), which declares the written report of the officer to be a governmental record, and further by the inclusion in the statute of section 3, and its subsections which permit the officer's report to be admitted into evidence in a criminal trial. Given this construction, the director, upon a negative finding by the court, must then purge the licensee's record and restore him to the status quo.

Furthermore, in my mind, it is illogical to give a contradictory construction to identical language in the same subsection of the same statute. Subsection (f)'s requirement that the licensee mail a demand for a hearing to the director *"not later than the 20th day"* after the licensee received notice of the upcoming suspension, is unquestionably mandatory because if the licensee fails to make such a demand within twenty days, his license is automatically suspended on the twenty-eighth day without further ado. The majority, however, construes subsection (f)'s requirement that "the department shall, *not later than the tenth day* after receipt of the demand, request a court to set the hearing" as a mandatory provision, yet not one that deprives the court of jurisdiction. I would hold, that just as the licensee must request a hearing, or suffer automatic suspension of his license, the director must request a hearing or forfeit his statutory right to proceed against the licensee.

In addition, to construe the provision in question as mandatory, yet not jurisdictional, is to delete the clear and unambiguous provision from the statute by judicial legislation. If the director is not required, within the ten day period to request the court to set a hearing, the licensee is left in limbo wondering how long his or her driving privileges will be in question. Public policy demands that the licensee be given a prompt hearing, as well as notification of the requested hearing date so that he or she may make tentative arrangements in the event his or her license is in fact suspended following the hearing. If the legislature did not intend what the statute obviously states, then it is a matter for the legislature to clarify. I decline, in the absence of supporting case law, to give the statutory provision in question a construc-

tion contrary to the plain meaning of the provision.

As I read article 6701*l*, its clear intent is that when the Director of the Department of Public Safety receives a proper report from a peace officer that a driver whom the peace officer believed to be driving while under the influence of alcohol, had refused to give a specimen after the officer's request, the Director shall suspend the driver's license, effective twenty-eight days after the person receives notice from the director of his proposed action, provided the driver does not request a hearing before the expiration of the twenty day period. If the licensee requests a hearing within the twenty days, there is no automatic suspension. The automatic suspension never becomes effective. If the licensee requests a hearing on the violation, then in order to pursue the matter further the director must request a hearing "NOT LATER THAN THE 10TH DAY AFTER THE DAY OF RECEIPT OF THE DEMAND." If the director follows this procedure, the "automatic suspension" is not effective pending the finding of the Justice Court, or the other permissible court to which the director has applied. Failure of the director to follow the plain mandatory language of the statute denies jurisdiction of the administrative court to act.

Finally, my interpretation of subsection (f)'s ten day requirement is supported by case law. In the case of *Cobra Oil & Gas Corp. v. Honorable Jerry Sadler, Commissioner of the General Land Office of Texas,* 447 S.W.2d 887, 892 (Tex.1968), the Texas Supreme Court held:

Cases arising under statutes which stated the precise manner by which the Commissioner declared and evidenced a forfeiture have held that no other method may effect a forfeiture. *Underwood v. Robison,* 109 Tex. 228, 204 S.W. 314 (1918); *Chambers v. Robison,* 107 Tex. 315, 179 S.W. 123 (1915); *Adams v. Terrell,* 101 Tex. 331, 107 S.W. 537 (1908); *Island City Sav. Bank v. Dowlearn,* 94 Tex. 383, 60 S.W. 754 (1901); *Brightman v. Comanche County, supra.* This rule is based upon the sound principle that "where a power is granted, and the method of its exercise prescribed, the prescribed method excludes all others, and must be followed." *Foster v. City of Waco,* 113 Tex. 352, 255 S.W. 1104 (1923).

This line of reasoning has been followed recently in *Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129 (Tex.App.—Austin 1986, writ ref'd n.r.e.), and in *Rowden v. Texas Catastrophe Property Insurance Ass'n,* 677 S.W.2d 83 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

As was held in *Rowden:*

Where a cause of action and remedy for its enforcement are derived not from the common law but from the statute, *the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable.* *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *see Smith v. Stephenson,* 641 S.W.2d 900 (Tex.1982); *Cobra Oil & Gas Corp. v. Sadler,* 447 S.W.2d 887 (1968).

677 S.W.2d at 87 (emphasis added). The director, by failing to request that a court set the hearing within ten days of receipt of the licensee's demand for a hearing, has failed to comply with the clear mandatory language of the statute which confers authority upon the director, and therefore the hearing is not maintainable. Additionally, since the person's license is *not* suspended prior to the hearing, as provided in subsection (b) and subsection (f), the licensee is free to drive as he or she wishes. Since the hearing has been forfeited, due to the director's failure to request a setting in compliance with subsection (f), there can be no finding by an administrative court and, therefore, there can be no introduction of findings in a subsequent criminal prosecution pursuant to section 3.

This analysis leads me to but one conclusion. The authority of the Texas Department of Public Safety to suspend an operator's license under article 6701*l*–5 is strictly statutory. The provisions of the statute are mandatory and exclusive, and failure of the director to follow the procedures outlined in the statute deprives the Justice

Court, or any other administrative court, of jurisdiction. Consequently, the County Court lacks jurisdiction of an appeal from an administrative finding which is void for want of jurisdiction and the proper action of the County Court is to dismiss such appeal for want of jurisdiction.

The majority seems to conclude that if we hold the provision mandatory, the licensee who has been deprived of his or her license wrongfully will have the remedy of a direct appeal. This places an onerous burden on the licensee. If the provision is mandatory and jurisdictional, the Justice Court never acquired jurisdiction to hold the hearing, and the director's action upon the invalid findings was void and thus was a nullity, permitting a collateral attack on the judgment of the Justice Court at any time. Furthermore, mandamus will lie to correct the improper action of the director by his suspension of a license resulting from a void judgment.

However, if as the majority holds, the licensee must institute a direct appeal, then his or her failure to do so results in an erroneous judgment ripening into a valid one, permitting the director to suspend his or her license without following the mandatory provisions of the statute.

The holding advocated by the dissenting opinion is fully consistent with and is supported by *Balios v. Texas Department of Public Safety*, 733 S.W.2d 308 (Tex.App.–Amarillo 1987, writ ref'd). Although the *Balios* case does not employ the magical word "jurisdiction", its full import is that failure of the director to comply with the mandatory provisions of the Statute deprives the administrative court of jurisdiction.

I would affirm the judgment of the trial court.