**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**William Edward REPSCHLEGER, Appellee.**

**No. 14–96–00468–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1997.

Stacey Suzette Zipp, Houston, Shannon McCall Fitzpatrick, John C. West, Jr., Austin, for appellant.

Michael Echevarria, Angleton, for appellee.

Before MURPHY, C.J., and ANDERSON, and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant, the Texas Department of Public Safety [the Department], appeals a final order of the trial court which reversed a decision of the Administrative Law Judge [ALJ] for the State Office of Administrative Hearings suspending the driver's license of appellee, William Edward Repschleger. Appellant raises three points of error arguing that the trial court improperly reversed the ALJ's decision to suspend appellee's license. We agree and reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

On October 29, 1995, appellee was arrested for driving while intoxicated. He refused to submit to a breath test. As a result, on the same day as his arrest, appellee was served with notice that his driver's license would be automatically suspended pursuant to the administrative license revocation procedures prescribed by statute. TEX. TRANSP. CODE ANN. § 724.032 (Vernon 1997). In addition to serving the person with notice of suspension, the statute requires the officer to make a written report of the person's refusal to submit to the breath test. *Id.* at § 724.032(a)(2). The refusal report must contain (1) a copy of the refusal statement signed by the defendant, or, if the defendant refused to sign this document, a statement signed by the officer noting the defendant's refusal to take the breath test and sign the refusal statement; and (2) a document indicating the grounds for the officer's belief that the defendant had been operating a motor vehicle while intoxicated. *Id.* at § 724.032(b)(1) & (2). Finally, under the statute the officer "*shall* forward to the department a copy of the notice of suspension or denial and the refusal report not later than the *fifth* business day after the date of the arrest." *Id.* at § 724.032(c). (emphasis added).

As is his statutory right, appellee timely requested a hearing in order to challenge the suspension of his license before the State Office of Administrative Hearings. At the hearing, the department introduced the notice of suspension and refusal report into evidence. Appellee specifically objected to the admission of these documents on the ground that they were inadmissible because of the officer's failure to comply with the procedures set out in § 724.032. Specifically, appellee pointed out that the officer's probable cause affidavit had not been executed under oath until November 22, 1995. Thus, the refusal report could not possibly have been sent to the Department within five days of the arrest because it was not executed until much later. As a result of the arresting officer's failure to comply with the statute's five day requirement, appellee urged the ALJ not to admit the refusal report into evidence at the administrative hearing. The ALJ overruled appellee's objection and ad-

mitted the evidence. Then, the ALJ ruled that the appellee's license should be suspended.

On appeal to the trial court, appellee argued that the only evidence to support the findings of fact on which the ALJ's ruling was based was the refusal report. He contended that because this evidence was improperly admitted there was no evidence to support the ALJ's ruling. The trial court agreed with this argument, reversed the ALJ's order suspending appellee's license, and rendered judgment for the appellee. The department has appealed this ruling to this court.

The pivotal inquiry before us is the interpretation of the statute's use of the word "shall" in the context of the five day provision in Section 724.032(c). Appellee argues that the word "shall" indicates the legislature's intent that the five day requirement be interpreted as mandatory. Thus, appellee extrapolates that the arresting officer's failure to comply with this mandatory provision prohibits the department from introducing the refusal report into evidence. In reviewing this argument, we must note, initially, that the statute itself does not provide for any penalty for failure to comply with the five day requirement. In addition, we have been directed to no authority indicating that the legislature intended for the department to make an affirmative showing that the five day requirement has been met before it can introduce the refusal report at a subsequent hearing.

■ We believe that an officer's compliance with the five day requirement need not be affirmatively shown as part of the predicate for admissibility of the refusal report. Nevertheless, if the defendant raises an issue concerning whether the requirements of the suspension statute have been met, the issue becomes one of determining the proper remedy for noncompliance. This issue turns on a determination of whether the statutory provision that has not been followed is a mandatory or directory provision. If the provision is directory, then failure to comply with the time period imposed is not fatal.

■ Appellee contends that because the statute uses the word "shall," the five day requirement must necessarily be a mandatory requirement. We disagree. Although the word "shall" is generally construed to be mandatory, it frequently is held to be directory. *Suburban Utility Corp. v. Public Utility Com'n of Texas,* 652 S.W.2d 358, 361 (Tex.1983); *see also National Surety Corp. v. Ladd,* 131 Tex. 295, 115 S.W.2d 600, 602 (1938) ( holding that the word "may" has been construed to mean "shall" and vice versa, and the proper construction of the words is governed by the intention expressed in the statute). As a general rule, "[p]rovisions which do not go to the essence of the act to be performed but which are for the purpose of promoting the proper, orderly, and prompt conduct of business, are not ordinarily regarded as mandatory." *Id.*; *Lewis v. Jacksonville Build. & Loan Ass'n,* 540 S.W.2d 307, 310 (Tex.1976). In addition, when faced with a provision that sets up a time period, we look to whether the provision contains negative words restraining it afterwards to determine whether it was intended to be a mandatory requirement as opposed to a mere directory one. *Id.*

The legislature attached no restraining words to the requirement that the officer send copies of the refusal report to the department within five days. In addition, this provision does not go to the essence of the act of suspending appellee's license and also has no impact on the substantive rights of the defendant. Rather, it appears to be a housekeeping provision placed in the statute to further the prompt and orderly conduct of the department's business. In other words, it appears to be placed in the statute to benefit the department by ensuring that the officer forwards the relevant information to the department to allow time to prepare for a hearing if the defendant should request one. Appellee argues that the provision is designed to ensure that he receives a proper review of his suspension by officials at the department. However, that objective is accomplished via the administrative hearing process, rather than a review by the department. The fact that the forms were not sent to the department in a timely fashion had no impact on appellee's ability to receive a fair

and expeditious review of his license suspension.

Such was not the case in the authorities cited by appellee which concluded that a related statutory provision was mandatory. *See, e.g., Balios v. Texas Dept. of Public Safety,* 733 S.W.2d 308, 310 (Tex.App.—Amarillo 1987, pet. ref'd); *Texas Dept. of Public Safety v. Meredith,* 753 S.W.2d 191, 192 (Tex.App.—Dallas 1988, no pet.). In those cases, the courts held that failure to comply with the statutory provision at issue required the order suspending the license to be reversed. *Balios,* 733 S.W.2d at 310; *Meredith,* 753 S.W.2d at 192. While those cases were similar in the respect that they involved a time period and contained the word "shall," we believe *Balios* and *Meredith* are readily distinguishable.

■ The provision at issue in those cases involved the time period in which the department was required to set the date for an administrative hearing when the defendant had made a timely request for one. Requests for a hearing must be made within 20 days after the defendant receives notice of the suspension. Failure to do so results in forfeiture of the right to a hearing. Logically, courts have held that if the defendant is under a mandatory time limit for requesting a hearing, the statutory time limit placed on the department for setting the hearing must also be mandatory. *Balios,* 733 S.W.2d at 310; *Meredith,* 753 S.W.2d at 192. Thus, failure to set the date of the hearing within the mandatory time period results in the department's forfeiture of the right to suspend the defendant's license.

■ In this case, however, appellee has been denied neither notice of nor his right to a timely hearing. In fact, no substantive right was affected by the delay in sending in the paperwork. Because we believe the requirement is merely a housekeeping matter for the benefit of the department rather than for the appellee, we conclude that failure to comply with the directory requirement does not preclude the department from using the refusal report as evidence at the administrative hearing. Appellant's first and third points of error are sustained. Because of

this disposition, we need not address appellant's second point of error.

The judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.