TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00537-CV







Texas Department of Public Safety, Appellant



v.



Michael Stephen Guerra, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 235,000, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 This appeal arises from the suspension of appellee Michael Guerra's driver's
license pursuant to Texas Transportation Code sections 524.001, et seq. See Tex. Trans. Code
Ann. §§ 524.001 - .044 (West 1998) (Administrative Suspension of Driver's License for Failure
to Pass Test for Intoxication) (hereinafter the "Code"). Guerra was arrested for driving while
intoxicated ("DWI") and after failing a breath test, was served notice that his license would be
suspended. Guerra requested a hearing pursuant to section 524.031. See Code § 524.031. 
Guerra's hearing was held 62 days after the notice was served. At the hearing, the presiding
administrative law judge ("ALJ") sustained the license suspension by the appellant Department
of Public Safety (the "Department"). Guerra appealed this decision to the county court at law.

 The county court at law determined that pursuant to Code sections 524.021 and
524.032, the Department was required to give Guerra a hearing no later than 40 days following
the notice of suspension. See Code §§ 524.021, .032. Because Guerra's hearing was held 62
days after Guerra received the suspension notice, the county court at law reversed the ALJ's
suspension order and entered judgment prohibiting the Department from seeking a suspension of
Guerra's license.

 In two points of error, the Department challenges the trial court's decision to
preclude the suspension of Guerra's license. Because we hold that the Code's requirement that
the Department hold a hearing within 40 days after a notice of suspension is merely directory, we
reverse the trial court's judgment and reinstate the suspension of Guerra's license.


BACKGROUND

 On December 24, 1996, a Department officer observed Michael Guerra driving on
an Austin road. The officer saw Guerra swerve from the east lane, cross the white line, and strike
the west curb. The officer stopped Guerra and noted that his eyes were bloodshot, his speech was
slurred, and that he smelled of alcohol. The officer administered the standard field sobriety tests
and, after observing several facts suggesting Guerra's intoxication, arrested him for DWI. Upon
arrest, Guerra voluntarily submitted a breath specimen for a breath test. The results of that test
indicated that Guerra's alcohol concentration level was .205 and .194. Both results were well
over the legal limit of 0.10. As a consequence of Guerra's failure of the breath test, the officer,
pursuant to Code section 524.011, served Guerra a notice of license suspension at the time of his
arrest. Code § 524.011 (officer shall serve or attempt to serve notice of driver's license
suspension by delivering notice to arrested person). Under the Code, Guerra's suspension would
automatically be effective 40 days after such service, unless he timely requested a hearing on the
suspension. See Code §§ 524.021(a)(1), .031. In that event, Guerra's request for a hearing
would "stay" the suspension until the date of the ALJ's final decision, or until 90 days after an
appeal is filed with the county court. See Code § 524.032(d). (1) 

 On December 31, Guerra faxed his request for a hearing to the Department
pursuant to Code section 524.031. See Code § 524.031 (person receiving notice of suspension
may request a hearing by facsimile transmission). However, because the request mistakenly
showed the arrest date as November 30, 1996, the Department disregarded the request as
untimely. See Code § 524.031 (licensee's request for a hearing must be made within 15 days of
receiving notice of suspension). 

 On January 29, 1997, the Department informed Guerra that due to his untimely
request for a hearing, his license would be automatically suspended pursuant to Code section
524.021. Guerra immediately responded by informing the Department of the mistake and noting
that the correct arrest date (December 24, 1996) indicated that his December 31st request was
timely. Recognizing the mistake, the Department granted Guerra a hearing.

 On February 24, 1997, 62 days after the Department had served Guerra his notice
of suspension, Guerra's hearing was held before the State Office of Administrative Hearings
("SOAH"). See id. § 524.033 (hearing under Code chapter 524 shall be heard by an
administrative law judge employed by SOAH). At this hearing, Guerra contended that the
Department was precluded from suspending his license because it failed to hold a hearing within
40 days after he received his notice of suspension. To support his contention, Guerra directed the
ALJ to the interplay between sections 524.021 and 524.032(a) of the Code. Section 524.021
provides:


Suspension Effective Date


[a] driver's license suspension under this chapter takes effect on the 40th day after
the date the person receives a notice of suspension.



Code § 524.021 (emphasis added). Section 524.032(a) provides: 


Hearing Date; Rescheduling


[a] hearing requested under this subchapter shall be held not earlier than the 11th
day after the date on which the person requesting the hearing is notified of the
hearing unless the parties agree to waive this requirement. The hearing shall be
held before the effective date of the suspension. 



Code § 524.032(a) (emphasis added). 

 Guerra argued before the ALJ, as he does here, that when construed together, the
last sentence of section 524.032(a)--"hearing shall be held before the effective date of the
suspension"--requires that the licensee's hearing be held before the "40th day after the date the
person receives a notice of suspension." See Code §§ 524.021, .032(a). In other words, Guerra's
contention to the ALJ was that the "effective date of suspension" as used in section 524.032(a)
is defined in section 524.021 as the 40th day after notice of suspension. Therefore, Guerra
contended that pursuant to section 524.032(a), the Department's failure to hold a hearing within
40 days of Guerra's notice of suspension precluded the Department from suspending his license.

 The ALJ rejected Guerra's contention and rendered an administrative order
sustaining the Department's petition to suspend Guerra's license. That order became final and
appealable when the ALJ signed it on February 24, 1997. See Code § 524.035(e) (ALJ decision
final when issued and signed). 

 Guerra sought judicial review of the ALJ's order in Travis County Court at Law
No. 1. See Code § 524.041. At trial, Guerra reiterated his argument that the proper construction
of the Code mandated a 40-day maximum time frame for the Department to hold a hearing. The
trial court agreed with Guerra's construction of sections 524.021 and 524.032(a), finding that,
when requested, a hearing must be held within 40 days of the notice of suspension or the
Department is precluded from suspending the license. Therefore, because the SOAH hearing was
held 62 days after notice of suspension, the trial court entered judgment prohibiting the
Department from suspending Guerra's license. 

 On appeal, the Department challenges the trial court's construction of sections
524.021 and 524.032(a). Specifically, the Department argues in a single point of error that
although sections 524.021 and 524.032(a) require a hearing within 40 days of the notice of
suspension, such a requirement is directory and not mandatory. 

DISCUSSION

 Although section 524.032(a) does not specifically state that a hearing be held within
40 days of a served notice of suspension, we agree with Guerra that the interplay between sections
524.021 and 524.032(a) suggests that this is the most probable intent of the Legislature. Thus,
we hold that once a hearing is requested, "the hearing shall be held" "before the 40th day after
the date the person receives a notice of suspension." See Code §§ 524.021, .032(a). Our inquiry,
however, is not over. As the Department suggests, we must now determine whether such a
construction is mandatory or directory. Whether a provision is mandatory or directory is a
question of law, and we exercise de novo review over questions of law in an Administrative
Procedure Act appeal. See In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994).

 The fundamental rule of statutory interpretation is to find the meaning best
expressing legislative intent. See Texas Dep't of Public Safety v. Dawson, 360 S.W.2d 860, 862
(Tex. Civ. App.--Dallas 1962, no writ). The Texas Supreme Court suggests that when
determining whether a provision is mandatory or directory, the reviewing court should recognize:


[t]here is no absolute test by which it may be determined whether a statutory
provision is mandatory or directory . . . Although the word "shall" is generally
construed to be mandatory, it may be and frequently is held to be merely directory. 
In determining whether the administrative agency intended the provision to be
mandatory or merely directory, consideration should be given to the entire act, its
nature and object, and the consequences that would follow from each construction. 
Provisions which are not of the essence of the thing to be done, but which are
included for the purpose of promoting the proper, orderly, and prompt conduct of
business, are not generally regarded as mandatory. If the statute directs, authorizes
or commands an act to be done within a certain time, the absence of words
restraining the doing thereof afterwards or stating the consequences of failure to
act within the time specified, may be considered as a circumstance tending to
support a directory construction. 



Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956) (emphasis added). 

 We believe that there are four reasons for holding section 524.032 directory. First,
other provisions in chapter 524 of the Transportation Code suggest that hearings may be held
outside 40 days of the served notice of suspension. See Chisholm, 287 S.W.2d at 945
(consideration of the entire act should be given when determining whether provision is mandatory
or directory). For example, two separate provisions in chapter 524 allow the licensee and the
Department a continuance if certain requirements are met. See Code § 524.032 (licensee is
entitled to a continuance if requested more than five days before the date the hearing is set); Code
§ 524.039 (Department may reschedule hearing if licensee requests presence of "breath test
operator" and "operator" is unavailable on date hearing is set). Neither of these provisions,
however, requires that the rescheduled hearing take place within 40 days of the served notice of
suspension. Thus, contrary to Guerra's position, a strict reading of chapter 524 does not support
a mandatory requirement to hold a hearing within 40 days of the served notice of suspension.

 Second, the "consequence" of finding section 524.032(a) mandatory could make
the statute untenable in some cases and possibly encourage manipulation of the chapter 524
provisions in other cases. See Chisholm, 287 S.W.2d at 945. The act of actually holding the
hearing is not within the complete control of the Department. Pursuant to section 524.033, all
hearings are required to be held before SOAH. See Code § 524.033. Therefore, the Department
is subject to another agency's timetable. It is plausible that on occasion there could be so many
cases waiting to be heard that it would be impracticable for SOAH to hear all of them within the
40 day time frame prescribed by section 524.032(a). If such a scheduling problem were to arise,
it would be unreasonable to punish the Department for acts that are not within its control.

 Guerra's rejoinder to this argument is primarily based on two cases, Texas
Department of Public Safety v. Meredith, 753 S.W.2d 191 (Tex. App.--Dallas 1988, no writ), and
Balios v. Texas Department of Public Safety, 733 S.W.2d 308 (Tex. App.--Amarillo 1987, writ
ref'd). These cases, however, are readily distinguishable from the instant cause. 

 In both Meredith and Balios, the mandatory statute required the Department to
request a hearing within ten days of the licensee's demand for a hearing. See Meredith, 753
S.W.2d at 193; Balios, 733 S.W.2d at 310. In the present case, the statute in question not only
requires the hearing be set, but actually held. Moreover, in Merideth and Balios the act to be
performed (i.e., requesting a hearing) was simply ministerial in nature and was completely within 
control of the Department. As noted above, the act required by section 524.032(a) (i.e., holding
the hearing) is not ministerial in nature and requires the significant involvement of SOAH. 

 Furthermore, a mandatory reading of section 524.032(a) could lead to the
manipulation of the Chapter 524 provisions. As seen in the present case, an apparent mistake
concerning Guerra's arrest date caused the Department to disregard Guerra's request as untimely. 
By the time the mistake was recognized, the only practicable time to set a hearing was outside the
40-day time frame required by section 524.032(a). Under such facts, it would be disingenuous
for us to allow a licensee to take advantage of a mistake which may have been caused by his own
neglect or inadvertence. 

 Third, the Legislature's failure to attach a consequence to a situation where a
hearing is held outside the 40 days of the notice of suspension persuades us to hold section
524.032(a) directory. As stated in Chisholm, "absence of words stating the consequences of a
failure to act within the time specified" supports a directory construction. See Chisholm, 287
S.W.2d at 945; see also Texas Department of Public Safety v. Mendoza, 956 S.W.2d 808, 812
(Tex. App.--Houston [14th Dist.] 1997, no pet. h.) (provision specifying a time period for
performance of a duty by public officer but containing no language specifying a consequence for
failure to act is generally directory). If the Legislature had intended for section 524.032(a) to be
mandatory, it could have easily provided consequences for noncompliance. See Nash v. Civil
Serv. Comm'n, Palestine, 864 S.W.2d 163, 166 (Tex. App.--Tyler 1993, no writ) (if not made
explicit by Legislature to the contrary, statute requiring commission to hold hearing and render
decision within 30 days of receiving notice of appeal does not deprive court of jurisdiction to hear
case outside the 30 days). 

 Finally, we are not persuaded by Guerra's argument that he is left in "limbo" and
deprived of due process if the 40 day time period to hold the hearing is not made mandatory. 
First, Chapter 524 provides various safeguards protecting the licensee when the Department seeks
to suspend one's license. For example, sections 524.032(d) and 524.042 stay the Department's
suspension until the ALJ renders a final decision or until 90 days after an appeal is filed with the
county court. These safeguards were obviously placed within chapter 524 to protect the licensee
from having his license suspended without the opportunity for a fair and impartial hearing. 
Second, statutes such as section 524.032(a) are designed to promote the "proper, orderly, and
prompt conduct of business." See Lewis v. Jacksonville Build. & Loan Ass'n, 540 S.W.2d 307,
310 (Tex. 1976). Our holding that section 524.032(a) is directory does not mean that the
Department has unfettered discretion to hold the hearing whenever it wants. If the Department
holds a hearing outside the 40 day time limit, it must show good cause for doing so. In the
present case, it was a mistake on the original hearing request that caused the hearing to be held
62 days after Guerra received his notice of suspension. Under such facts, the Department should
not be precluded from suspending Guerra's license. We therefore sustain the Department's point
of error.


CONCLUSION 

 Having sustained the Department's point of error, we reverse the judgment of the
trial court and reinstate the suspension of Guerra's license. 



 
 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Reversed and Rendered

Filed: April 30, 1998

Publish
1. Section 524.032(d) provides:


a request for a hearing stays suspension of a person's driver's license until the date
of the final decision of the administrative law judge.


Code § 524.032. We also note that if a licensee appeals the ALJ's decision to the county court
at law and meets the requirements of Code section 524.042(a), the licensee is entitled to an
additional stay until 90 days after filing the petition for appeal. 



in the present case, an apparent mistake
concerning Guerra's arrest date caused the Department to disregard Guerra's request as untimely. 
By the time the mistake was recognized, the only practicable time to set a hearing was outside the
40-day time frame required by section 524.032(a). Under such facts, it would be disingenuous
for us to allow a licensee to take advantage of a mistake which may have been caused by his own
neglect or inadvertence. 

 Third, the Legislature's failure to attach a consequence to a situation where a
hearing is held outside the 40 days of the notice of suspension persuades us to hold section
524.032(a) directory. As stated in Chisholm, "absence of words stating the consequences of a
failure to act within the time specified" supports a directory construction. See Chisholm, 287
S.W.2d at 945; see also Texas Department of Public Safety v. Mendoza, 956 S.W.2d 808, 812
(Tex. App.--Houston [14th Dist.] 1997, no pet. h.) (provision specifying a time period for
performance of a duty by public officer but containing no language specifying a consequence for
failure to act is generally directory). If the Legislature had intended for section 524.032(a) to be
mandatory, it could have easily provided consequences for noncompliance. See Nash v. Civil
Serv. Comm'n, Palestine, 864 S.W.2d 163, 166 (Tex. App.--Tyler 1993, no writ) (if not made
explicit by Legislature to the contrary, statute requiring commission to hold hearing and render
decision within 30 days of receiving notice of appeal does not deprive court of jurisdiction to hear
case outside the 30 days). 

 Finally, we are not persuaded by Guerra's argument that he is left in "limbo" and
deprived of due process if the 40 day time period to hold the hearing is not made mandatory. 
First, Chapter 524 provides various safeguards protecting the licensee when the Department seeks
to suspend one's license. For example, sections 524.032(d) and 524.042 stay the Department's
suspension until the ALJ renders a final decision or until 90 days after an appeal is filed with the
county court. These safeguards were obviously placed within chapter 524 to prot