**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jose Salazar MENDOZA, Jr., Appellee.**

**No. 14–97–00002–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 20, 1997.

Stacey Suzette Zip, Houston, for appellant.

Robert J. Newton, Lake Jackson, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant, Texas Department of Public Safety ("DPS"), appeals the decision by the county court at law of Brazoria County to overturn the suspension of appellee's driver's license. An administrative law judge ("ALJ") had previously upheld the suspension based upon appellee's refusal to submit to a breath test. The DPS raises five points of error, claiming (1) the county court erroneously found the ALJ had improperly admitted two exhibits; (2) the county court erred in holding the filing of a "sworn report" with the DPS by the fifth business day following arrest is a mandatory requirement for the suspension; (3) the county court erred in finding appellee had not been served with notice of the suspension; (4) the county court incorrectly ordered the expunction of appellee's refusal to submit to a breath test from his driving record; and (5) the county court erroneously held the ALJ's decision was unsupported by substantial evidence. We reverse and reinstate the ALJ's decision.

## I. Background

After stopping appellee, Jose Salazar Mendoza, Jr. ("Mendoza") for speeding, a police officer arrested him for driving while intoxicated (DWI). The officer noted that Mendoza smelled of alcohol, his speech was slurred, his eyes were bloodshot, and he was unable to follow simple directions. Thereafter, the officer administered several field sobriety tests. After Mendoza performed poorly on the field sobriety tests, the officer arrested him for DWI.

After receiving his statutory warnings, Mendoza refused to submit to a breath test. Mendoza signed the DPS form that reflected his refusal to take the breath test and acknowledged that he was warned of the consequences of his refusal. The officer then served Mendoza with a Notice of Suspension.

After a hearing, the ALJ upheld the suspension. Mendoza filed a petition for judicial review to the county court at law. The county court at law reversed the ALJ's decision and found (1) there was no proof Mendoza had been served with a Notice of Suspension;

(2) the ALJ's decision was improper because the evidence failed to show the officer had filed the "sworn report" with the DPS within five business days of Mendoza's arrest; (3) the ALJ's admission of exhibits, over Mendoza's objections, was improper; and (4) the ALJ's judgment was not supported by substantial evidence and the ALJ's findings and conclusions prejudiced Mendoza's substantial rights. The trial court ordered the DPS to return Mendoza's license and delete any finding that he had refused a breath test from his driving record. DPS appealed.

## II. Standard of Review

■ The Texas Transportation Code directs courts reviewing license suspensions to apply TEX. GOV'T CODE ANN. chapter 2001, Administrative Procedure Act ("APA"). *See* TEX. TRANSP. CODE ANN. §§ 524.002 and 724.047 (Vernon Pamph.1997). Section 2001.174 of the Government Code establishes the standard of judicial review to be used when reviewing driver's license suspensions. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon Pamph.1997); *Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d 493, 495 (Tex.App.—Houston [14th Dist.] 1997, no writ). The statute provides that

a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174.

"[T]o reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), *and* (2) that substantial rights of the appellant have thereby been prejudiced." *See Texas Dep't of Pub. Safety v. Cantu*, 944 S.W.2d at 495.

## III. Discussion

### A. Exhibits

1. Mendoza's hearsay and authenticity objections

At the administrative hearing, the DPS offered two exhibits into evidence. The first, a probable cause affidavit, contained the officer's statement about his grounds for arrest and request for a breath test. The second was the statutory warning issued to and signed by Mendoza. These documents are part of the written refusal report that the Transportation Code requires be filed with the director of the DPS. *See* TEX. TRANSP. CODE ANN. § 724.032(b)–(c) (Vernon Pamph. 1997). Arguing the exhibits contained inadmissible hearsay and were not properly authenticated, Mendoza objected to their admission.

In its first point of error, the DPS asserts the county court at law erred by impliedly finding that the administrative court improperly admitted the DPS's two exhibits. While it is unclear that such a ruling provided the basis for the county court at law's holding, we agree with the DPS and hold that the exhibits were admissible.

■ We review administrative rulings "on the admission or exclusion of evidence under the abuse of discretion standard we apply to trial courts." *See City of Amarillo v. Railroad Comm'n of Texas*, 894 S.W.2d 491, 495 (Tex.App.—Austin 1995, writ denied). The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles" or, stated another way, "whether the act was arbi-

trary and unreasonable." *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ We find the ALJ's admission of the exhibits over Mendoza's hearsay objection was not an abuse of discretion. The documents were properly admissible under the public records exception to the hearsay rule. *See* TEX.R. CIV. EVID. 803(8); *Porter v. Texas Dep't of Public Safety,* 712 S.W.2d 263, 265 (Tex.App.—San Antonio 1986, no writ). The Government Code provides "[t]he rules of evidence as applied in a nonjury civil case in a district court of this state shall apply to a contested case" under the APA. *See* TEX. GOV'T CODE ANN. § 2001.081 (Vernon Pamph. 1997). Rule 803(8) of the Texas Rules of Evidence, applicable under Rule 101(b) in this instance, sets out the following documents as excepted from the hearsay rule,

> (8) **Public records and reports.** Records, reports, statements, or data compilations, in any form of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

TEX.R. CIV. EVID. 803(8). The probable cause affidavit and the statutory warnings were admissible under subparts (B) and (C) of the rule. *See* TEX. TRANSP. CODE ANN. §§ 724.032 and 724.061 (Vernon Pamph. 1997).

■ The exhibits were also admissible over Mendoza's authenticity objection. Rule 902(4) of the Rules of Evidence provides the following exception from the usual requirement for authenticity,

> (4) **Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person

authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed by the Supreme Court pursuant to statutory authority

TEX.R. CIV. EVID. 902(4). Both documents contained the proper certification under TEX.R. CIV. EVID. 902(2). *See* TEX.R. CIV. EVID. 902(2).

We find no error in the ALJ proceedings sufficient to provide a basis for reversal. *See* TEX. GOV'T CODE ANN. § 2001.174. We sustain the DPS's first point of error.

2. The Report

Mendoza also argued the DPS's failure to show the officer had forwarded the written refusal report to the DPS within five business days after the arrest rendered the documents inadmissible. *See* TEX. TRANSP. CODE ANN. § 724.032(c) (Vernon Pamph.1997). While the ALJ admitted the documents over Mendoza's contention, the county court concluded the provision is mandatory. Finding the DPS failed to comply with the statute, the court reversed the ALJ's decision.

■ The DPS contends the provision is merely directory, and that Mendoza fails to show he suffered any harm because the report was delivered after the deadline.[1] Whether the provision is mandatory or directory is a question of law, and we exercise *de novo* review over questions of law in an APA appeal. *See In re Humphreys,* 880 S.W.2d 402, 404 (Tex.1994).

■ The fundamental rule in statutory interpretation is to find the meaning best expressing legislative intent. *See Texas Dep't of Public Safety v. Dawson,* 360 S.W.2d 860, 862 (Tex.Civ.App.—Dallas 1962, no writ). The Texas Supreme Court suggested that when determining whether a provision is mandatory or directory, the reviewing court should recognize

> [t]here is no absolute test by which it may be determined whether a statutory provision is mandatory or directory ... Although the word "shall" is generally construed to be mandatory, it may be and

---

1. The court notes no evidence was presented as to the time of the delivery of the report.

frequently is held to be merely directory. In determining whether the administrative agency intended the provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly, and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*See Chisholm v. Bewley Mills,* 155 Tex. 400, 403, 287 S.W.2d 943, 945 (Tex.1956).

 We find section 724.032(c) is merely a directory provision. The statute provides "[t]he officer shall forward to the department a copy of . . . the refusal report not later than the fifth business day after the date of the arrest." TEX. TRANSP. CODE ANN. § 724.032(c). "Generally provisions regulating the duties of public officers and specifying the time for their performance are held to be directory." *Texas Dep't of Public Safety v. Dawson,* 360 S.W.2d at 862. The provision contains no language specifying the consequences for the failure to forward the report on time, nor does it suggest that proof of compliance is a predicate to some other action. We believe the legislature intended the provision to be a housekeeping procedure, and meant it only as a directory requirement. *See id.* at 861–62.

The county court, in holding the provision mandatory, cited to *Texas Dep't of Public Safety v. Meredith,* 753 S.W.2d 191 (Tex. App.—Dallas 1988, no writ), and *Balios v. Tex. Dep't of Public Safety,* 733 S.W.2d 308 (Tex.App.—Amarillo 1987, writ ref'd). Both of those cases dealt with the DPS's failure to request a hearing with a court within a statutorily specified time after the person whose license had been suspended demanded a hearing. *See Texas Dep't of Public Safety v.*

*Meredith,* 753 S.W.2d at 193; *Balios v. Texas Dep't of Public Safety,* 733 S.W.2d at 310; *see also* TEX. TRANSP. CODE ANN. § 724.041 (Vernon Pamph.1997) (granting an offender the right to a hearing by making a request to the DPS). The issue in *Meredith* and *Balios* was the DPS's timely action as a predicate to the statutory right to a hearing. Section 724.032(c), however, merely addresses the time for forwarding a refusal report, and does not affect the person's right to a hearing. *See* TEX. TRANSP. CODE ANN. § 724.041(a) (time to request hearing starts running upon service of Notice of Suspension). Thus, the issue in *Meredith* and *Balios* is not the issue in question here.

Additionally, Mendoza is unable to show his substantial rights were prejudiced by the DPS's failure to meet the report's filing deadline because the deficiency did not cause him any harm. *See* TEX. GOV'T CODE ANN. § 2001.174; *cf. Nebes v. State,* 743 S.W.2d 729, 730–31 (Tex.App.—Houston [1st Dist.] 1987, no writ) (recognizing "constitutional safeguards must be observed in the license revocation proceeding," but holding voluntary breath test evidence admissible though the officer failed to give a written copy of the required statutory warnings to the offender). Under the proper standard of review, a court may reverse only upon finding the ALJ's decision was erroneous *and* that the error prejudiced the substantial rights of the appellant. *See Texas Dep't of Public Safety v. Cantu,* 944 S.W.2d at 495.

We sustain the DPS's second point of error.

### B. Notice of Suspension

 Mendoza also asserted that the DPS's failure to prove he was served with a Notice of Suspension invalidated the license suspension. In reversing the ALJ's decision, the county court found there was no proof of service.

We find the ALJ's decision *was* supported by substantial evidence. *Cf. Jones v. Texas Dep't of Public Safety,* 803 S.W.2d 760, 761–62 (Tex.App.—Houston [14th Dist.] 1991, no writ) (noting "[t]he law presumes that a trial court will hear a case only after proper notice

to the parties"). The DPS's probable cause affidavit clearly states the officer served Mendoza with a "DIC25"—the form designation for a Notice of Suspension. When Mendoza's counsel raised the lack of notice issue in his closing argument at the administrative hearing, he did not controvert the evidence in the form. The fact Mendoza actually requested a hearing supports the ALJ's finding he received notice. An ALJ proceeding on a license suspension is only instituted by a person served with a notice of suspension. *See* Tex. Transp. Code Ann. § 724.041.

Mendoza also did not demonstrate, under the proper standard of review, how his substantial rights were prejudiced. *See* Tex. Gov't Code Ann. § 2001.174. In fact, Mendoza was represented by counsel at the administrative hearing. We find he received proper notice of suspension.

We sustain the DPS's third point of error.

### C. Whether substantial evidence supported the suspension

■■■■ The trial court concluded the ALJ's upholding of Mendoza's license suspension was not supported by substantial evidence. In reviewing administrative findings, the "test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency … [t]he findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence." *Texas Alcoholic Beverage Comm'n v. Mini, Inc.*, 832 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1992, writ denied). We find substantial evidence in the record, including the properly admitted exhibits, to support the ALJ's decision.

The legislature has set out the following elements as necessary to support a driver's license suspension:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

*See* Tex. Transp. Code Ann. §§ 724.042 and 724.043 (Vernon Pamph.1997). The officer's probable cause affidavit provides a basis in the record for the ALJ to make affirmative findings on all four elements. Furthermore, the statutory warning contains Mendoza's signed refusal to submit to the breath test. Mendoza did not controvert the statements contained in either exhibit.

We sustain the DPS's fifth point of error.

### D. The Expunction

We find the trial court's reversal of the ALJ's decision was in error, and its order for expunction of Mendoza's records to be correspondingly erroneous. We sustain the DPS's fourth point of error in this regard, and do not address the county court's authority to order such an expunction.

### III. Conclusion

The judgment of the trial court is reversed. Accordingly, we find the ALJ's decision was proper in the first instance and reinstate the ALJ's suspension order.