**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Frederico Alvarez SILVA, Appellee.**

**No. 04–98–00451–CV.**

Court of Appeals of Texas, San Antonio.

March 3, 1999.

Carla E. Eldred, Texas Department of Public Safety, Austin, for Appellant.

George Scharmen, San Antonio, for Appellee.

Before CATHERINE STONE, Justice, PAUL W. GREEN, Justice and KAREN ANGELINI, Justice.

## OPINION

CATHERINE STONE, Justice.

The Texas Department of Public Safety (TDPS) appeals the judgment of the trial court, which affirmed an administrative law judge's denial of license suspension. The administrative law judge (ALJ) excluded the arresting officer's report which was offered to establish probable cause to arrest Frederico Silva, and to show that Silva was asked to submit a breath specimen, but refused. Because we hold that the arresting officer's report was improperly excluded, we reverse the trial court's judgment.

### FACTUAL BACKGROUND

On July 25, 1997, San Antonio police officer De La Garza observed Frederico Silva back up, strike a curb, and proceed forward driving southbound in the northbound traffic lane of General McMullen Drive. After pulling Silva over, De La Garza noticed that Silva had trouble standing, slurred his speech, and smelled of alcohol. Officer Marcus was called to the scene and observed that Silva had bloodshot eyes, had slurred and confused speech, swayed while standing, walking, and turning, and smelled of alcohol. Officer Marcus noted that Silva showed all six signs of intoxication on the Horizontal Gaze Nystagmus Test, he slurred and confused the letters while trying to recite the alphabet, repeatedly dropped his foot on the one-leg stand, and had trouble balancing on the walk and turn. Officer Marcus arrested Silva for DWI, administered the necessary statutory warnings, and requested a breath sample. Silva refused to submit a breath sample.

The administrative law judge excluded documents offered to establish that the officer had probable cause to make the arrest, that Silva was offered a breath test, and that

he refused. Following the ALJ's denial of the license suspension, TDPS appealed to County Court at Law No.7 on the grounds that the excluded documents would have established probable cause. The county court affirmed the ALJ's decision to exclude the evidence and affirmed the denial of the license suspension.

## JURISDICTION

Silva contests this court's jurisdiction on several grounds. Silva argues that in its appeal to the county court at law, TDPS wrongfully asserted jurisdiction under section 524.041(a) of the Transportation Code, a provision that specifies appellate rights only for a person whose license has been suspended. As Silva points out, any appeal by TDPS is governed by TEX. TRANSP. CODE ANN. § 524.041(d) (Vernon Pamph.1998), which limits an appeal by TDPS to issues of law. Inspection of TDPS's petition reveals that TDPS was discussing venue in regards to section 524.041(a) and only cited that section to note that the Austin Court of Appeals recently ruled that the provision also governs venue for appeals by the Department. TDPS was not asserting that it could bring an appeal, of fact or law, under subsection (a).

■ Additionally, Silva notes that in its original petition TDPS challenges the ALJ's finding that there was no proof of probable cause to arrest, that Silva was offered a . breath or blood test, or that Silva refused a breath or blood test.[1] Silva contends that these are factual determinations that cannot be appealed by TDPS. However, probable cause is a question of law, not a factual determination. *See Wal–Mart Stores, Inc. v. Resendez,* 962 S.W.2d 539, 540 (Tex.1998) ("Once the facts are established, the existence of probable cause is a question of law for the court."). Moreover, TDPS' second issue raised in its original petition is also a question of law—the determination of whether documents were properly excluded under the rules of evidence. *See North Dallas Diagnostic Ctr. v. Dewberry,* 900 S.W.2d 90, 93–94 (Tex.App.—Dallas 1995, writ denied).

Contrary to Silva's assertions that this point is moot, this point of error is properly before this court under TEX. TRANSP. CODE ANN. § 524.041(d) (Vernon Pamph.1998).

■ Silva also notes that TDPS' prayer for relief before the county court asks that an affirmative finding be entered. Silva argues that an affirmative finding is further evidence that TDPS was appealing a factual issue. This error in requested relief seems to have been conceded by TDPS when it attempted to amend its petition at trial to request only that the case be remanded. Nonetheless, courts do not determine what type of issues are before them based on the relief requested. Additionally, this court can grant the relief it deems appropriate under TEX.R.APP. P. 43.2, regardless of whether the appellant asked for a finding or a remand. Based on our review of the record, we hold that TDPS has properly invoked this court's jurisdiction by appealing an issue of law under section 523.041(d) of the Transportation Code. Silva's motion to dismiss the appeal is overruled.

## EXCLUSION OF EVIDENCE

■ The record reveals that at the administrative hearing Silva objected to some of the statements on the third page of Officer Marcus' Sworn Report on the basis that the summary written by Officer Marcus contained hearsay regarding the stop and conditions of the scene. Officer Marcus had recorded information obtained from Officer De La Garza concerning the reasons why Silva had been stopped and other observations about his condition. TDPS did not object to striking anything of which Officer Marcus did not have personal knowledge because Officer De La Garza had already testified to that information. Consequently, the ALJ sustained the objection to the information about the stop. However, the statements that were excluded pursuant to Silva's hearsay objection did not include the portion of the Sworn Report that contained Officer Marcus' own observations about Silva which supported (1) probable cause for the arrest,

---

1. TDPS' brief to this court does not address this point of error but only that the evidence was

improperly excluded. Therefore, we do not address this contention on appeal.

(2) that Silva was arrested, and (3) that he refused to submit a breath specimen. The ruling on the first objection (hearsay) did not alleviate the court's need to consider the second objection (authentication) as the first only excluded a portion of Exhibit 1 and the portion which it excluded was established through De La Garza's testimony. Thus, it was error for the court to refuse to address the authentication issue. TDPS' first point of error is sustained.

▆▆▆ In its second point of error, TDPS contends that Exhibit 1 was properly authenticated, and thus was improperly excluded by the ALJ. While Silva did not submit a brief on this issue, his objections to the admission of this evidence can be obtained from the administrative and county court records. This court reviews administrative rulings on the admission or exclusion of evidence under the abuse of discretion standard applied to trial courts. *See Texas Dept. of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 810 (Tex.App.—Houston [14th Dist.] 1997, no pet.). A court abuses its discretion if its acts without reference to any guiding rules and principles. *Id.* "The determination of whether a court abused its discretion is a question of law." *North Dallas Diagnostic Ctr.,* 900 S.W.2d at 93–94. *See also Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983).

▆▆ After a person has been arrested and has refused to submit to a breath test, a peace officer is required to submit a written report of the incident to the director of the Department of Public Safety. TEX. TRANSP. CODE ANN. § 724.032 (Vernon Pamph.1998). In this case, Officer Marcus submitted a Probable Cause Affidavit, form DIC–23, and the Statutory Warning, form DIC–24.

Rule 803(8) provides that the following is an exception to the hearsay rule:

Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth: (A) the activities of the office or agency; (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or (C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

TEX.R. EVID. 803(8). Several cases reflect that Forms DIC–23 and DIC–24 are properly admitted as public records under Rule 803(8). *See Texas Dept. of Pub. Safety v. Gratzer,* 982 S.W.2d 88, 1998 WL 224031 (Tex.App.—Houston [1st Dist.] 1998, no pet.) ("Form DIC–23 is properly admitted as an exception to the hearsay rule under Texas Rule of Civil Evidence 803(8)."). *See also Texas Dept. of Pub. Safety v. Duggin,* 962 S.W.2d 76, 80 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (admitting a probable cause affidavit under Rule 803(8) in a civil case); *Mendoza,* 956 S.W.2d at 811 (holding that the probable cause affidavit was admissible under 803(8)); 1 TEX. ADMIN. CODE § 159.23(c)(6) (1997). Silva's contention that these documents were not "otherwise admissible" is unfounded.

With respect to Silva's authenticity objection, Rule 1005 provides that "[t]he contents of an official record or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902...." TEX.R. EVID. 1005. TEX.R. EVID. 902(4) provides that extrinsic evidence of authenticity is not required with respect to "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority." TEX.R. EVID. 902(4). TDPS argues that the documents fall under the category noted in paragraph (1) which governs that "[a] document bearing a seal purporting to be that of the United Sates, or of any State, ... department, officer, or agency thereof, and a signa-

ture purporting to be an attestation or execution." TEX.R. EVID. 902(1).

 Review of the documents included in the record reveals that each page of the exhibit is stamped certified by Virginia A. Talley, Custodian of Records Driver Improvement and Control Service, Texas Department of Public Safety and attested, executed, and signed by Sondra Dowlearn, Authorized Deputy Custodian. The documents appear to comply with all the requirements listed above.[2] In fact, an almost identical certification procedure was found acceptable under Rule 902 and Rule 1005 in *Texas Dept. of Pub. Safety v. Guajardo,* 970 S.W.2d 602, 608–09 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

Silva contends the documents are inadmissible because they are not domestic documents under seal (even though they contain a stamp from the DPS) because the stamp does not state to what the document is certifying. Additionally, Silva complains that the stamp is from Travis County, but all the documents were prepared in Bexar County. Silva cites no authority, nor have we found any requirement that the stamp state what the document is certifying or that the stamp be from the county where the documents were prepared. As TDPS pointed out, an officer has a duty to forward these documents to the TDPS headquarters located in Travis County, most likely explaining why the document bears the Travis County stamp.

Silva also argues that TDPS did not state in the record on which exception to the hearsay rule it was relying and presented no arguments regarding authentication. TDPS stated at the administrative hearing that the documents were public records under 803(8) and maintained that the originals were on file with the Department in Austin, noting what the seal and signature from the Deputy Custodian were certifying. Thus, while TDPS did not specifically state that it was relying on Rules 902 and 1005, TDPS made the basis

of its authentication argument clear. TDPS' second point of error is sustained.

Accordingly, we hold that the ALJ abused her discretion in excluding the documents from evidence and the trial court erred in affirming the ALJ's decision. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

---

2. There seems to be some dispute as to whether these documents are domestic documents under seal and fall under Rule 902(1). However, it appears that if the documents are not under seal they would be admissible under Rule 902(2) as they were notarized. The *Mendoza* court admitted a probable cause affidavit and statutory warnings form under Rule 902(2). *See Mendoza,* 956 S.W.2d at 811.