SAMUELS V. DPS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-120-CV

LINDA L. SAMUELS-WICKHAM APPELLANT

V.

DEPARTMENT OF PUBLIC SAFETY APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

Appellant Linda Samuels-Wickham appeals a county court at law’s decision upholding an administrative order suspending her driver’s license for ninety days.  Appellant raises two issues on appeal concerning the admissibility of a peace officer’s sworn report, also referred to as a DIC-23, which was admitted over her objections during the administrative hearing.  We will affirm.

Because sufficiency of the evidence is not at issue, we need only briefly discuss the facts of this case.  On October 12, 2002, after observing Appellant drive into an oncoming traffic lane, Officer Dwayne Letart stopped Appellant’s vehicle.  The officer suspected that Appellant had been drinking and conducted standard field sobriety tests on Appellant.  After Appellant did poorly on these tests and exhibited other signs of intoxication, she was arrested and warned in accordance with section 724.015 of the Texas Transportation Code.  
See 
Tex. Transp. Code Ann.
 § 724.015 (Vernon Supp. 2003).  Appellant provided a breath specimen for alcohol concentration testing, and the results indicated that her blood alcohol level exceeded the .08 limit.

In this appeal, Appellant argues that the administrative law judge (ALJ) erred in admitting the DIC-23 into evidence because (1) it was not properly notarized and (2) it constituted hearsay that did not fall under the public records exception to the hearsay rule.  We review administrative rulings on the admissibility of evidence under the same abuse of discretion standard we apply to trial courts.  
See Tex. Dep’t of Pub. Safety v. Silva
, 988 S.W.2d 873, 876 (Tex. App.—San Antonio 1999, pet. denied); 
Tex. Dep’t of Pub. Safety v.  Mendoza
, 956 S.W.2d 808, 810 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  A court abuses its discretion if it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles.  
Downer v. Aquamarine Operators, Inc
., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

When the DPS offered the DIC-23 into evidence during the administrative hearing, Appellant specifically objected on the following bases:

Defendant would like to object on the grounds that it is an improperly sworn report in that there’s no notary involved -- no notary stamp, no notary signature.  And second, we would like to object -- it’s not admissible under the public records because it’s not carried out as is the general practice of the Department.

The ALJ overruled these two objections and asked Appellant if there were any further objections.  The record shows that Appellant’s counsel examined the DIC-23 and stated that there were no other objections.

With respect to Appellant’s first issue, the Texas Government Code allows an oath to be administered and a certificate of fact to be given by a notary public 
or
 a peace officer, as described by article 2.12 of the Texas Code of Criminal Procedure, if the oath is administered when the officer is engaged in the performance of the officer’s duties and the administration of the oath relates to the officer’s duties.  
Tex. Gov’t Code Ann.
 § 602.002(4), (15) (Vernon Supp. 2003).  Here, while the DIC-23 was not sworn to before a notary public, the document indicates that the oath was administered by a peace officer, which is permissible under section 602.002(15).  
Id
. § 602.002(15).  We overrule Appellant’s first issue.

In her second issue, Appellant complains that the DIC-23 is inadmissible under the public records exception to the hearsay rule.  
See 
Tex. R. Evid
. 803(8).  Case law, however, reflects that the DPS Form DIC-23 is properly admissible as a public record under Rule 803(8).  
See id.
; 
Tex. Dep’t of Pub. Safety v.  Struve
, 79 S.W.3d 796, 803-04 (Tex. App.—Corpus Christi 2002, pet. denied); 
Tex. Dep’t of Pub. Safety v. Gratzer
, 982 S.W.2d 88, 90 (Tex. App.—Houston [1st Dist.] 1998, no pet.); 
Clement v. Tex. Dep’t of Pub. Safety
, 726 S.W.2d 579, 581 (Tex. App.—Fort Worth 1986, no writ); 
see also
 1 
Tex. Admin. Code 
§ 159.23(c)(7) (2003).
(footnote: 1)  We conclude that the ALJ did not abuse its discretion in admitting the officer’s sworn report, and we overrule Appellant’s second issue. 

In her appeal, Appellant also challenges the admissibility of the DIC-23 on several grounds that were not presented to the trial court.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if those grounds are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  Accordingly, we will not consider the complaints Appellant raises for the first time on appeal because they are not properly before us.

Having overruled Appellant’s two issues on appeal, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: October 30, 2003

FOOTNOTES
1:
The rules of procedure for administrative license suspension proceedings provide that

[a]n officer’s sworn report of relevant information shall be admissible as a public record.  However, the defendant shall have the right to subpoena the officer in accordance with § 159.17 of this title (relating to Request for Subpoenas).  If the defendant timely subpoenas the officer and the officer does not appear at the scheduled hearing, the officer's report shall not be admissible.

1 
Tex. Admin. Code
 § 159.23(c)(7).