In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-125 CV


____________________



VERNON HOOKER, Appellant



V.



TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 06-20,735






MEMORANDUM OPINION


 Vernon Hooker (1) appeals the suspension of his driver's license as a result of his refusal
to take a test for alcohol concentration after he was involved in a car accident in Montgomery
County on May 17, 2006. We affirm the trial court's judgment.

 Hooker challenged the suspension of his driver's license at an administrative hearing
conducted pursuant to section 724.041 of the Texas Transportation Code. See Tex. Transp.
Code Ann. § 724.041 (Vernon Supp. 2007). Over Hooker's objections, the administrative
law judge admitted documents into evidence and issued an order suspending Hooker's
driver's license for one hundred eighty days for refusing the alcohol concentration test. 
Hooker appealed the administrative ruling to the County Court of Montgomery County. See 
Tex. Transp. Code Ann. § 524.041 (Vernon 2007); § 724.047 (Vernon 1999). After
hearing argument from both Hooker and DPS, the trial court affirmed the administrative
ruling. Arguing the administrative judge erred in admitting several documents into evidence,
Hooker appeals the trial court's order affirming the administrative ruling. 

 The Texas Rules of Evidence apply to administrative license suspension hearings with
certain statutory exceptions. See Tex. Gov't Code Ann. § 2001.081 (Vernon 2000); 1 Tex.
Admin. Code § 159.23(b) (2007) (making Tex. Gov't Code § 2001.081 applicable to
contested cases). We review administrative rulings on the admission or exclusion of
evidence under the abuse of discretion standard applied to trial courts. See Tex. Dep't of
Pub. Safety v. Silva, 988 S.W.2d 873, 876 (Tex. App.--San Antonio 1999, pet. denied);(citing
Tex. Dep't of Pub. Safety v. Mendoza, 956 S.W.2d 808, 810 (Tex. App.--Houston [14th Dist.]
1997, no pet.)). A court abuses its discretion if it acts without reference to any guiding rules
and principles. Silva, 988 S.W.2d at 876;(citing Mendoza, 956 S.W.2d at 810).

 In Hooker's four issues, he contends that the administrative judge erred in admitting
the "Peace Officer's Sworn Report," known as form "DIC-23," (2) and five additional
documents labeled "TLE-1Continuation (1/94) Page: 2 of 4," "TLE-1Continuation (1/94)
Page: 3 of 4," "TLE-1Continuation (1/94) Page: 4 of 4," "THP-1 (1/94)," and "THP-1A
(Rev. 9/03)." In his first issue, he argues the administrative judge erred in admitting the
documents because they fail to comply with the self-authentication provision of Texas Rule
of Evidence 902(2). See Tex. R. Evid. 902(2). Regardless of whether the documents are
self-authenticated under Rule 902(2), the documents are self-authenticated under Rule
902(4). Rule 902(4) states that certified copies of public records are admissible without
extrinsic evidence of authenticity:

 (4) Certified Copies of Public Records. A copy of an official record
or report or entry therein, or of a document authorized by law to be recorded
or filed and actually recorded or filed in a public office, including data
compilations in any form certified as correct by the custodian or other person
authorized to make the certification, by certificate complying with paragraph
(1), (2) or (3) of this rule or complying with any statute or other rule prescribed
pursuant to statutory authority.


Tex. R. Evid. 902(4). Review of the documents in question reveal that each page is stamped
certified by Joyce Stevens, Custodian of Records Driver Improvement and Control Service,
Texas Department of Public Safety, and attested, executed, and signed by Cynthia Tryon,
"Authorized Deputy Custodian." The document complies with paragraph (1) of Rule 902. 
See Tex. R. Evid. 902(1). Under Rule 902(4), these documents require no extrinsic evidence
of authenticity. See Tex. R. Evid. 902(4). We overrule Hooker's first issue.

 In his second and third issues, Hooker maintains the administrative judge erred in
admitting the documents because they fail to comply with section 602.002(16) of the Texas
Government Code. See Tex. Gov't Code Ann. § 602.002(16) (Vernon Supp. 2007). 
Section 602.002(16) grants a peace officer, as described by article 2.12 of the Texas Code
of Criminal Procedure, the authority to administer an oath and a certificate of the fact if the
oath is administered when the officer is engaged in the performance of the officer's duties
and the administration of the oath relates to the officer's duties. See id. § 602.002(16)(A),
(B). Officer Gray completed the "DIC-23" or "Peace Officer's Sworn Report." Officer Gray
swore that he was a Texas Peace Officer, that he had probable cause to believe that Hooker
was driving his vehicle under the influence of alcohol, and that Hooker refused the alcohol
concentration test. Officer Burse administered the oath of the sworn report, as attested to at
the bottom of the report. Officer Burse signed the Peace Officer's Sworn Report in his
capacity as "Peace Officer." Hooker complains that Officer Burse's documentation of the
oath administered was not sufficiently specific to establish that he was a peace officer under
article 2.12, that the oath was administered when the officer was engaged in the performance
of the officer's duties, and that the administration of the oath related to the officer's duties. 

 Section 602.002(16) of the Texas Government Code permits a peace officer to
administer the oath required for a "DIC-23." See id. Hooker presents no authority for his
argument that a peace officer must identify himself as anything more than a peace officer
when administering an oath and witnessing a signature. We do not read section 602.002(16)
or article 2.12 as requiring Officer Burse to identify himself more specifically than by his
designation as a "peace officer." See id.; Tex. Code Crim. Proc. Ann. art. 2.12 (Vernon
Supp. 2007). His declaration that he was a peace officer identified him as one of the persons 
enumerated in article 2.12 and therefore authorized him to administer oaths under section
602.002(16). These documents comply with section 602.002(16). See Tex. Gov't Code
Ann. § 602.002(16). We overrule Hooker's second and third issues.

 Last, Hooker complains that the administrative judge erred in admitting the documents
because they fail to comply with Texas Rule of Evidence 803(8). See Tex. R. Evid. 803(8).

Texas Rule of Evidence 803(8) provides an exception to the hearsay rule, even though the
declarant is available as a witness:

 (8) Public Records and Reports. Records, reports, statements, or data
compilations, in any form, of public offices or agencies setting forth:


 (A) the activities of the office or agency;


 (B) matters observed pursuant to duty imposed by law as to which matters
there was a duty to report, excluding in criminal cases matters observed by
police officers and other law enforcement personnel; or 


 (C) in civil cases as to any party and in criminal cases as against the state,
factual findings resulting from an investigation made pursuant to authority
granted by law; 


 unless the sources of information or other circumstances indicate lack of
trustworthiness.


Id.

 "DIC-23s" are properly admitted as public records under Rule 803(8). See id.;
Samuels-Wickham v. Tex. Dep't of Pub. Safety, 121 S.W.3d 829, 831 (Tex. App.--Fort Worth
2003, no pet.); Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 803-04 (Tex. App.--Corpus Christi 2002, pet. denied); Silva, 988 S.W.2d at 876; Tex. Dep't of Pub. Safety v.
Gratzer, 982 S.W.2d 88, 90 (Tex. App.--Houston [1st Dist.] 1998, no pet.). However, here,
Hooker maintains the administrative judge erred in admitting the documents because they
lack trustworthiness. Rule 803(8) creates a presumption of admissibility, and it places the
burden on the party opposing the admission of the report to show its untrustworthiness. 
Beavers v. Northrop Worldwide Aircraft Servs., Inc., 821 S.W.2d 669, 675 (Tex. App.--Amarillo 1991, writ denied). Hooker specifically points to the "Peace Officer's Sworn
Report" in which Officer Gray, the affiant, incorporated by reference "TLE-1Documents"
and neglected to fill in the blank for "No. of pages." Hooker argues that the documents in
question lack trustworthiness because one cannot determine how many "TLE-1 Documents"
Officer Gray presented or swore to in Officer Burse's presence, and that since only "TLE-1
Documents" were incorporated by reference it is unclear whether Officer Gray presented or
swore to the "THP" documents. Under these facts, we cannot say that the administrative law
judge abused his discretion by admitting the documents. We find Hooker's complaints
regarding the documents to not overcome the presumption of admissibility. See Beavers, 821
S.W.2d at 675. We overrule Hooker's fourth issue and affirm the trial court's judgment. 

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on June 14, 2007

Opinion Delivered January 17, 2008


Before McKeithen, C.J., Gaultney and Kreger, JJ.



1. According to documents in the record, Vernon Hooker is also known as Vernon Paul
Hooker, Vernon Lloyd Hooker, Lloyd V. Hooker, Jr., Lloyd Vernon Hooker, Jr., and Lloyd
Vernon Hooker. It is not apparent from the record how his name appears on his driver's
license.
2. After a person has been arrested and has refused to submit to a breath or blood test,
a peace officer must submit a written report of the incident to the director of the Department
of Public Safety. Tex. Transp. Code Ann. § 724.032 (4) (Vernon Supp. 2007).