ACCEPTED
15-24-00092-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/10/2025 9:29 PM
CHRISTOPHER A. PRINE
CLERK

# NO. 15-24-00092-CV

——————◆——————

IN THE FIFTEENTH COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/10/2025 9:29:44 PM
CHRISTOPHER A. PRINE
Clerk

——————◆——————

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**

*Appellant,*

*vs.*

**BRYAN JASON SAINTES,**

*Appellee.*

——————◆——————

Cause No. CV-0093124
In the County Court at Law No. 2 of Galveston County, Texas
The Honorable Robert Mayfield, Judge Presiding

——————◆——————

**APPELLEE BRYAN JASON SAINTES' BRIEF**

——————◆——————

**LAW OFFICE OF DAVID A. BRESTON**

**David A. Breston**
Texas State Bar Number: 90001478
1820 West Bell Street
Houston, Texas 77019
Telephone: (713) 224-4040

COUNSEL OF RECORD FOR APPELLEE
BRYAN JASON SAINTE

# ORAL ARGUMENT NOT REQUESTED

## IDENTIFICATION OF THE PARTIES

The Department's brief accurately provides a complete list of the names of all interested parties to this proceeding. Tex. R. App. P. 38.2(a)(1)(A).

## TABLE OF CONTENTS

| | Page |
|---|---|
| COVER ................................................................................ | i |
| IDENTIFICATION OF THE PARTIES ..................................... | ii |
| TABLE OF CONTENTS ......................................................... | ii |
| TABLE OF AUTHORITIES ................................................... | iii |
| INTRODUCTION ................................................................. | 1 |
| STATEMENT OF THE CASE & PROCEDURAL HISTORY ................................................... | 2 |
| STATEMENT REGARDING ORAL ARGUMENT ...................... | 3 |
| ISSUES PRESENTED .......................................................... | 3 |
| STATEMENT OF FACTS ...................................................... | 4 |
| SUMMARY OF ARGUMENT ................................................. | 5 |
| RESPONSIVE ARGUMENT ................................................... | 6 |
|    Standard of Review ......................................................... | 6 |

The Rules of Evidence and
Administrative Proceedings ……………………………….. 8

A. Texas Rule of Evidence 803 ……………………………. 8

Analysis ……………………………………………….. 9

PRAYER ……………………………………………………. 13

CERTIFICATE OF SERVICE ………………………...……... 15

CERTIFICATE OF COMPLIANCE ……………………...……… 16

IN THE FIFTEENTH COURT OF APPEALS
AT AUSTIN, TEXAS

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**

*Department,*

*vs.*

**BRYAN JASON SAINTES,**

*Mr. Saintes.*

Cause No. CV-0093124
In the County Court at Law No. 2 of Galveston County, Texas
The Honorable Robert Mayfield, Judge Presiding

**MR. SAINTES BRYAN JASON SAINTES' BRIEF**

TO THE HONORABLE JUSTICES OF THE
FIFTEENTH COURT OF APPEALS:

Mr. Saintes Bryan Jason Saintes, by and through his undersigned counsel of record, submits this responsive brief addressing the Department's contentions in its opening brief.

1

## STATEMENT OF THE CASE
## & PROCEDURAL HISTORY

Mr. Saintes is unopposed to and incorporates by reference herein the Department's Statement of the Case. (DB at 2)[1]. *See* TEX. R. APP. P. 38.2(a)(1)(B).

The Department's brief was initially due in this matter on December 9, 2024. After being granted an unopposed[2] extension in time in which to file a brief in this matter on December 4, 2024, the Department filed its brief on January 7, 2025.

Mr. Saintes' brief was initially due in this matter on February 6, 2025. Mr. Saintes was granted an unopposed extension in time in which to file a brief in this matter on February 11, 2025. Under the current briefing schedule, Mr. Saintes' brief is timely if filed on or before Monday, March 10, 2025.

---

[1] "DB" references the Department's January 7, 2025, opening brief, followed by the page number. For clarity of reference in the briefing, Mr. Saintes adopts the Department's abbreviators and record citation convention. (DB at pp. 1-2).

[2] All pre-briefing matters such as record supplementations and extensions were conferred upon and either unopposed or agreed to between the parties before being presented to the Court.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Saintes does not request oral argument in this matter. Mr. Saintes requests oral argument **only** if the Court grants the Department's request for such argument. The relevant factual and legal issues are straight-forward, and the law is well-settled with respect to the application of the Rules of Evidence and trial court rulings in this regard. Thus, oral argument would not assist this Court in framing and determining the issues. TEX. R. APP. P. 39.1.

## ISSUE PRESENTED

Mr. Saintes understands the Department's complaint to be that police offense reports are unqualifiedly admissible in their entirety under Texas Rule of Evidence and that the trial court abused its discretion when it removed Trooper Brechtel's offense report from the ALJ's consideration for lack of a proper predicate for its admission.

**Mr. Saintes' Reply:** *No, it did not.*

3

## STATEMENT OF FACTS

The Department has accurately depicted the documentation and testimony from the ALR proceeding, and the subsequent appeal to the trial court from that proceeding. The Department's statement of facts provides an accurate backdrop for consideration of the issues being presented to the Court. With few exceptions[3], to be noted *infra*, Mr. Saintes does not contest the Department's factual statement.

Four evidentiary exhibits were introduced in the ALR proceeding by the Department (TR-037) and admitted before the ALJ to varying degrees. (TR-038 ["I am reviewing Exhibit No. 4."]; -039). The exhibits at issue in this proceeding are Exhibits Nos.1 and 4: Exhibit No. 1 comprised of Trooper Bretel's DIC-23 (TR-044), and Exhibit No. 4 comprised of his offense report. (TR-048-062). Exhibits Nos. 1 and 4 were not accompanied by a business records affidavit. (*Id.*). The DIC-23, however, is self-authenticating.

Trooper Brechtel was present at the ALR proceeding. (TR-040). The four evidentiary exhibits were not introduced through the trooper.

---

[3] "[T]he Appellant's brief need not include … a statement of facts, unless the Mr. Saintes is dissatisfied with that portion of the appellant's brief[.]" Tex. R. App. P. 38.2(a)(1)(B).

(TR-037). The trooper did not testify at the ALR proceeding. (TR-040). The trooper did not adopt or incorporate his offense report into either the DIC-23 (TR-044) or at the hearing. (TR-40).

## SUMMARY OF RESPONSIVE ARGUMENT

The lower court was correct in finding and concluding there was an insufficient evidentiary basis for admission of Exhibit No. 4.

Police offense reports are not unqualifiedly admissible in their entirety under Texas Rule of Evidence and Rules governing ALR proceedings. When, as here, there is no evidentiary predicate or foundation before the ALJ for admission of the offense report, the trial court was within its province in excluding the report from the ALJ's consideration in determining its affirmative findings.

## RESPONSIVE ARGUMENT

The trial court did not abuse its discretion and err in excluding Trooper Brechtel's offense report from the ALJ's consideration when the Department failed to lay the proper predicate or foundation for its admission into the ALR proceeding under both the procedures adopted by the SOAH and under the relevant Rules of Evidence.

**Standard of Review.**

"To reverse an agency decision, the reviewing court must conclude (1) that the agency's decision was erroneous for one of the reasons enumerated in subsections (A) through (F), and (2) that substantial rights of the appellant have thereby been prejudiced." *See Texas Dep't of Pub. Safety v. Cantu,* 944 S.W.2d 493, 495 (Tex. App. – Houston [14th Dist.] 1997).

This Court reviews an ALJ's ruling on the admission or exclusion of evidence under the abuse of discretion standard applied to trial courts. *Tex. Dep't of Pub. Safety v. Struve,* 79 S.W.3d 796, 802-03 (Tex. App.— Corpus Christi 2002, *pet. denied*) (citing *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995); *Tex. Dep't of Pub. Safety v. Silva,* 988 S.W.2d 873, 876 (Tex. App. – San Antonio 1999, *pet. denied*); (citing *Tex.*

*Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex. App. –
Houston [14th Dist.] 1997, no pet.)).

Evidentiary rulings are committed to the trial court's sound
discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231,
234 (Tex. 2007). This Court will review a trial court decision to admit or
exclude evidence for an abuse of that discretion. *In re J.P.B.*, 180 S.W.3d
570, 575 (Tex. 2005). A trial court abuses its discretion when it acts
without reference to any guiding rules and principles. *Garcia v. Martinez*,
988 S.W.2d 219, 222 (Tex. 1999).

This Court will uphold the trial court's evidentiary ruling if there
is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v.
Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Oyster Creek Fin. Corp. v.
Richwood Invs. II, Inc.*, 176 S.W.3d 307, 317 (Tex. App.-Houston [1st
Dist.] 2004, pet. denied).

"A person seeking to reverse a judgment based on evidentiary error
need not prove that but for the error a different judgment would
necessarily have been rendered, but only that the error probably resulted
in an improper judgment." *City of Brownsville v. Alvarado*, 897 S.W.2d
at 753.

7

**The Rules of Evidence and Administrative Proceedings.**

The Texas Rules of Evidence "as applied in a nonjury civil case in a district court of this state" apply to contested administrative license suspension hearings with certain statutory exceptions. *See* Tex. Gov't Code Ann. § 2001.081; 1 Tex. Admin. Code § 159.211(b).

## A. Texas Rule of Evidence 803.

Texas Rule of Evidence 803, applicable in ALR proceedings, states that a "record or statement of a public office" is not excluded by the hearsay rule if it sets out: (1) "the office's activities"; (2) "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law enforcement personal"; or (3) "in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation" when the party opposing admission "fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness." Tex. R. Evid. 803(8).

While rule 803(8) excludes public records from the hearsay rule, it does not exclude from the hearsay rule the following two categories of public documents: (1) "matters [in criminal cases] observed by police officers and other law enforcement personnel"; and (2) "factual findings

8

resulting from an investigation made pursuant to authority granted by law [in criminal cases as against the defendant and others but not the state].” *Id.* at R. 803(8)(B & C). In other words, these categories of public records remain hearsay in criminal cases, but not in civil cases. *See* Id.

Additionally, Rule of Evidence 805 provides that a hearsay statement included in another hearsay statement is not excluded if either statement is otherwise admissible. *See Clement v. Texas Dep’t of Pub. Safety*, 726 S.W.2d 579, 581 (Tex. App. – Fort Worth 1986, *no writ*). In other words, hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statement is independently admissible Tex. R. Evid. 805.

**Analysis.**

Evidence heard by the agency is not per se admissible in the trial court. *Mary Lee Foundation v. Texas Employment Com'n*, 817 S.W.2d 725, 727 (Tex. App. – Texarkana 1991, *writ denied*). Whether the evidence is admissible depends upon its own merits under the general rules of evidence. 817 S.W.2d at 727. The public records exception to the hearsay rule does not mean that ex parte statements, hearsay, conclusions, and opinions contained within such records are

automatically admissible. *Mary Lee Foundation*, 817 S.W.2d at 728, citing *Wright v. Lewis*, 777 S.W.2d 520 (Tex.App. – Corpus Christi 1989, *writ denied*).

Here Trooper Brechtel did not incorporate his offense report into his DIC-23. The trooper did not identify nor adopt his offense report at the hearing before the ALJ. The Department did not confirm or connect the proffered exhibits as the written reporting of the trooper. (TR-037) ("The Department offers the following public records as exhibits: Exhibit 1, the DIC-23; Exhibit 2, DIC-24; Exhibit 3, DIC-25; and Exhibit 4, the Offense Report."). There is nothing that connects the trooper to the offense report or the report to the hearing.

The DIC-23 is self-authenticating. *Dep't of Pub. Safety v. Mitchell*, 2003 Tex. App. LEXIS 3407, at *11 (Tex. App. —Fort Worth 2003, no pet.) (mem. op.) (unpublished). The offense report, on the other hand is not.

Further, Rule of Evidence 1005 provides that "the contents of an official record or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in

accordance with Rule 902 ...." Tex R. Evid. 1005. Rule of Evidence 902(4) provides that extrinsic evidence of authenticity is not required with respect to "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority." Tex. R. Evid. 902(4). The offense report comprising Exhibit No. 4 was not accompanied by a business records affidavit.

In the absence of the above, the trooper's offense report was admissible only if it satisfied Rule 159.23's requirement that it be sworn or if the officer swears in court to its contents, which it did not.[4] The courts construe administrative rules, which have the same force as statutes, in the same manner as statutes. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976). Unless the rule is ambiguous, the reviewing court will follow the rule's clear language. *See*

---

[4] "An officer's sworn report of relevant information shall be admissible as a public record". 1 Tex. Admin. Code § 159.211(c)(2) (emphasis added); *see also* Tex. Transp. Code §§ 524.002, 724.003 (granting SOAH rulemaking authority over license suspension hearings).

*Republicbank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

For the offense report and any subsumed hearsay content to be admissible, it must have fit into a hearsay exception. *See* Tex. R. Evid. 802. "Under Rule 803(8), certain written statements, which would normally be excluded as hearsay, may be admitted into evidence if they qualify as public records and reports, even though the declarant is available to testify." *Rodriguez v. Pro Star Logistics, Inc.*, 2002 Tex. App. LEXIS 5058 (Tex. App. — San Antonio 2002). If the proponent complies with the rules of evidence, the business records themselves are admissible.

This exception does not allow the admission of information in the business records from outside sources who have no business duty to report accurately. Those statements must independently qualify for admission under their own hearsay exception. *see also* Rule 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

Here, the ticket to admission of the trooper's offense report was the DIC-23. The record reflects the Department failed to provide the ALJ with an adequate foundation for admission of the offense report. Because the predicate for admission of the report was not met in the ALR proceeding, and because this is a legitimate basis for its ruling, the trial court was within its discretion in withdrawing the exhibit ALJ's consideration in making it affirmative finding.

## PRAYER

It is respectfully submitted that all things are regular, the trial court's findings and conclusions are correct and supported by the record, and the lower court's order should be affirmed.

Dated March 10, 2025.

Respectfully submitted,

**LAW OFFICE OF DAVID A. BRESTON**

/s/ *David A. Breston*

**David A. Breston**
Texas State Bar Number: 90001478
1820 West Bell Street
Houston, Texas 77019
Telephone: (713) 224-4040

COUNSEL OF RECORD FOR MR. SAINTES
BRYAN JASON SAINTE

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Mr. Saintes's Brief has been duly served upon counsel representing the Department of Public Safety in this matter *via* hand-delivery, email, fax and/or the electronic case filing system on March 10, 2025.

**LAW OFFICE OF DAVID A. BRESTON**

/s/ *David A. Breston*

**David A. Breston**
Texas State Bar Number: 90001478

COUNSEL OF RECORD FOR MR. SAINTES
BRYAN JASON SAINTE

15

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that Mr. Saintes's Brief complies with the typed volume limitations of TEX. R. APP. P. 9.4(i)(2)(B) in that it contains, **including the exempt portions under the Rule**, no more than 2,368 words in Century Schoolbook 14 for the body of the brief and Century Schoolbook 12 for the footnotes based upon a word count using the Microsoft Word software.

LAW OFFICE OF DAVID A. BRESTON

/s/ *David A. Breston*

**David A. Breston**
Texas State Bar Number: 90001478

COUNSEL OF RECORD FOR MR. SAINTES
BRYAN JASON SAINTE

16

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chris Bingham on behalf of David Breston
Bar No. 90001478
houstoncontractparalegalservices@yahoo.com
Envelope ID: 98291378
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief Not Requesting Oral Argument
Status as of 3/11/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| D'na Collins | 24087326 | dna.collins@dps.texas.gov | 3/10/2025 9:29:44 PM | SENT |
| David Breston | 90001478 | david@davidbreston.com | 3/10/2025 9:29:44 PM | SENT |
| Chris Bingham | | houstoncontractparalegalservices@yahoo.com | 3/10/2025 9:29:44 PM | SENT |
| Elizabeth AnneDupuy | | elizabeth.dupuy@dps.texas.gov | 3/10/2025 9:29:44 PM | SENT |
| LaKisha SeldonMcKay | | lakisha.mckay@dps.texas.gov | 3/10/2025 9:29:44 PM | ERROR |