**Reversed and Rendered and Opinion filed June 19, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-24-00092-CV

---

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### BRYAN JASON SAINTES, Appellee

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause No. CV-0093124**

---

### MEMORANDUM OPINION

The Texas Department of Public Safety (DPS) appeals from the county court at law's judgment reversing an administrative decision that suspended Bryan Jason Saintes's driver's license following his arrest for driving while intoxicated. The question before the county court, and now this Court on appeal, is whether the administrative law judge (ALJ) abused her discretion in admitting an unsworn report concerning the traffic stop that led to Saintes's arrest. Because the county court erred in concluding that the ALJ abused her discretion in admitting the report and

because substantial evidence supports the ALJ's decision, we reverse the trial court's judgment and render judgment reinstating the ALJ's order.

## BACKGROUND

DPS Trooper Joseph Brechtel stopped a vehicle driven by Saintes after observing that the vehicle was exceeding the posted speed limit. During the stop, Trooper Brechtel began to suspect that Saintes was intoxicated and, consequently, administered a series of field sobriety tests on Saintes. Trooper Brechtel also requested that Saintes provide a breath specimen and read him the statutory warning, printed on the DIC-24 form, about the consequences of providing or refusing to provide a specimen.[1] Saintes refused Trooper Brechtel's request to provide a breath specimen and also refused to sign the DIC-24's statement of refusal. *See* Tex. Transp. Code § 724.015. Based on his observations, including the results of the field sobriety tests, Trooper Brechtel arrested Saintes for the offense of driving while intoxicated. *See* Tex. Penal Code § 49.04.

DPS later instituted a license-suspension proceeding against Saintes. *See id.* § 724.035. At the hearing before the ALJ, DPS offered four exhibits: (1) Trooper Brechtel's sworn DIC-23 report, "Peace Officer's Sworn Report";[2] (2) Trooper

---

[1] A DIC-24 form is a means of providing the notice that Chapter 724 of the Transportation Code requires law enforcement to provide "[b]efore requesting a person to submit to the taking of a specimen," *see* Tex. Transp. Code § 724.015, and of obtaining a statement from the person refusing the request to submit, *see id.* § 724.031 ("Statement Requested on Refusal), or, when the person also refuses to sign a statement of refusal, from the officer from whom the request was refused, *see id*. § 724.032(b)(2)(B).

[2] A DIC-23 form requires the arresting officer to set out the grounds in support of the officer's belief that the driver was intoxicated. *See id*. § 724.032(b)(1). Specifically, the DIC-23 form, as approved, gives the officer the option of (1) summarizing, in the form itself, certain observations about the traffic stop, or (2) alternatively, incorporating by reference a separate report or document. *See id*. § 724.032(b) (requiring DPS director to approve "the form of the refusal

Brechtel's signed DIC-24 form, "Statutory Warning," stating that Saintes "refused to allow the taking of a [breath] specimen and further refused to sign below as requested by this officer"; (3) the DIC-25 form, "Notice of Suspension," sent to Saintes; (4) and Trooper Brechtel's "DWI Case Report," summarizing the events that led to Saintes's arrest, including the field sobriety-test results.[3] Saintes objected to the admission of Exhibit 4, the DWI Case Report, on the ground that the document was unsworn. The ALJ overruled Saintes's objection and admitted all four exhibits.

At the conclusion of the hearing, the ALJ signed an order authorizing DPS to suspend Saintes's license for 180 days. In its findings of fact and conclusions of law, the ALJ found, in part:

> 1.  On February 4, 2024, reasonable suspicion to stop [Saintes] existed in that Trooper Brechtel observed [Saintes] operating a motor vehicle . . . that traveled 46 mph in a 35 mph speed zone.
>
> 2.  On the same date, probable cause to arrest [Saintes] existed in that there was probable cause to believe that [Saintes] was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No.1, Trooper Brechtel observed that [Saintes]:
>
>     - admitted to drinking an alcoholic beverage prior to the stop;
>     - had a strong odor of an alcoholic beverage and breath and person;
>     - had droopy eyelids, a heavy-footed walk, and slow mumbled speech;

---

report"). The DIC-23 report admitted into evidence in this case did not specify any separate report or document as incorporated by reference.

[3] The ALJ's order states that she admitted only Exhibits 1-3. But the transcript of the hearing demonstrates, and the parties agree, that the ALJ actually admitted Exhibits 1-4. In addition, Exhibits 1-4 were included in the administrative record on appeal to the county court.

- on the Horizontal Gaze Nystagmus test, in both eyes, lacked smooth pursuit, had distinct and sustained nystagmus at maximum deviation, and had onset of nystagmus prior to 45 degrees;

- on the Walk and Turn test, lost balance during instructions, failed to touch heel to toe, took the wrong number of steps, and stepped off line;

- and on the One Leg Stand test, swayed and put his foot down.

Saintes appealed the ALJ's ruling to the county court at law, which reversed the ALJ's order. *See id.* § 724.047; *see also id.* § 524.041(b). In its order, the county court stated that it was reversing on the ground that the ALJ improperly admitted the DWI Case Report. DPS then filed this appeal.

## STANDARD OF REVIEW

Administrative-license suspension orders are reviewed under the substantial-evidence standard, as set forth in the Administrative Procedure Act (APA). *Texas Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006); *see* Tex. Gov't Code § 2001.174. Under this standard, a court must reverse or remand a case for further administrative proceedings "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision" are, as relevant here, "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole." Tex. Gov't Code § 2001.174(2)(E).

In assessing whether the agency's decision is "reasonably supported by substantial evidence," the issue is not whether the agency's decision is correct, but only whether the record demonstrates some reasonable basis for the decision. *Texas Comm'n on Envt'l Quality v. Maverick Cnty.*, 642 S.W.3d 537. 544 (Tex. 2022)

("The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." (*Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984))). The reviewing court may not substitute its judgment for the judgment of the state agency on the weight of the evidence. *Dyer v. Texas Comm'n on Envt'l Quality*, 646 S.W.3d 498, 514 (Tex. 2022). Instead, the court "must uphold the agency's ultimate decision if the evidence 'is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action.'" *Id.* (quoting *Texas Health Facilities Comm'n*, 665 S.W.2d at 453). Whether substantial evidence supports an administrative order is a question of law, which this Court reviews de novo. *Alford*, 209 S.W.3d at 103.

In this case, Saintes contends that whether substantial evidence supports the ALJ's order turns on whether the ALJ improperly admitted certain evidence. We review a ruling on the admission or exclusion of evidence in administrative proceedings under the abuse-of-discretion standard applied to trial courts. *Scally v. Texas State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 450 (Tex. App.—Austin 2011, pet. denied); *Parks v. Texas Dep't of Pub. Safety*, No. 01-03-00274-CV, 2004 WL 2366934, at *5 (Tex. App.—Houston [1st Dist.] Oct. 21, 2004, no pet.) (mem. op.); *Texas Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 810 (Tex. App.—Houston [14th Dist.] 1997, no pet.). A court abuses its discretion if it acts without reference to any guiding rules and principles or acts arbitrarily and unreasonable. *Mendoza*, 956 S.W.2d at 810-11 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

## ANALYSIS

In his appeal to the county court at law, Saintes asserted that there is insubstantial evidence to support the ALJ's finding that there was probable cause to

5

believe that he was operating a motor vehicle while intoxicated.[4]  Specifically, Saintes argued that (1) the only evidence to support the ALJ's probable-cause finding is Exhibit 4, the DWI Case Report, and (2) the ALJ abused her discretion in admitting the Report over his objection because it is unsworn and, alternatively, is not incorporated by reference into the sworn DIC-23 form.  In one issue on appeal, DPS contends that the county court at law erred in concluding that the ALJ improperly admitted the Report because, according to DPS, the document is admissible under Rule 803(8) of the Texas Rules of Evidence.

Under both the APA and the Rules of the State of Office of Administrative Hearings, the Texas Rules of Evidence "as applied in a nonjury civil case in a district court of this state" apply to contested-case hearings.  Tex. Gov't Code § 2001.081; *see* 1 Tex. Admin. Code § 159.211(b) ("Except as otherwise provided by Texas Government Code § 2001.081, the rules of evidence as applied in a non-jury civil case in a district court of this state shall apply in ALR proceedings.").  Rule of Evidence 803(8) provides that a record or statement of a public office is admissible as an exception to the hearsay rule if

    A. [the record or statement] sets out:
        i.     the office's activities.

---

[4] To prevail at the license-suspension hearing, DPS was required to prove by a preponderance of the evidence (1) that Trooper Brechtel had reasonable suspicion or probable cause to stop or arrest Saintes; (2) that probable cause existed to believe that Saintes was operating a motor vehicle in a public place while intoxicated; (3) Saintes was placed under arrest and was requested to submit to the taking of a specimen; and (4) Saintes refused to submit to the taking of a specimen on request of the officer.  *See* Tex. Transp. Code § 724.042.  In her order, the ALJ concluded that DPS had met its burden as to each of these elements and made conclusions of law and findings of fact to that effect.  The only finding challenged by Saintes is the ALJ's finding that "probable cause to arrest [Saintes] existed in that there was probable cause to believe [Saintes] was operating a motor vehicle in a public place while intoxicated."

> ii. a matter observed under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>
> iii. in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation. Tex. R. Evid. 803(8); and
>
> B. the opponent fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness.

Tex. R. Evid. 803(8).

The Texas Supreme Court has concluded that a police officer's report is admissible under Rule 803(8) in a license-suspension proceeding, even when that report is unsworn. *Texas Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 560 (Tex. 2012). In reaching this conclusion, the supreme court rejected the argument that SOAH Rule 159.23 (currently, Rule 159.211)—providing that "[a]n officer's sworn report of relevant information shall be admissible as a public record"—independently prohibits an ALJ from admitting an unsworn report. *Id.* at 560-61; *see* 1 Tex. Admin. Code § 159.211(c)(2). The supreme court explained that the Rule's prescription that sworn reports are admissible does not, as a matter of logic, lead to the inverse conclusion that unsworn reports are inadmissible. *Caruana*, 363 S.W.3d at 561. Instead, Rule 159.23, now Rule 159.211, "leaves the matter to Rule 803(8), which imposes no condition that public offices' reports be sworn." *Id.* Moreover, the supreme court explained, "[i]n determining whether circumstances [indicating a lack of trustworthiness] exist," such that the evidence is excepted from admission under Rule 803(8)(b), "an ALJ has discretion to consider whether an officer's failure to swear to a report casts doubt on the facts stated in it or was merely an oversight." *Id.* at 564. Although the report at issue in *Caruana* was a report that the arresting officer was required to make under the statutory scheme for

7

administrative-license revocation, nothing in the supreme court's opinion suggests that its holding is limited to such reports. *See Texas Dep't of Pub. Safety v. Cardenas*, No. 13-15-00091-CV, 2015 WL 4593517, at *4 (Tex. App.—Corpus Christi-Edinburg July 30, 2015, no pet.) (mem. op.).

Based on the exhibits admitted without objection and the contents of the DWI Case Report itself, the ALJ could have reasonably determined that Trooper Brechtel's DWI Case Report satisfies the requirements for admission under Rule 803(8)(a). In addition, the record contains no evidence, and Saintes has provided no argument, as to why the Report "indicates a lack of trustworthiness."[5] Because Trooper Brechtel's DWI Case Report is independently admissible under Rule of Evidence 803(8), we conclude that the ALJ did not abuse her discretion in overruling Saintes's objection and admitting the document into evidence.

In addition, we conclude that there is substantial evidence to support the ALJ's finding that there was probable cause for Saintes's arrest and to believe that he was driving while intoxicated. For example, according to both the DIC-23 report and the DWI Case Report, Trooper Brechtel initiated the traffic stop after observing that the driver of the vehicle, later determined to be Saintes, was exceeding the posted speed limit. Specifically, according to the DWI Case Report, Brechtel observed on his radar that Saintes's vehicle was driving "46 miles per hour in a posted 35 mile per hour speed zone limit." In addition, after Saintes was stopped, Trooper observed that Saintes had "droopy eyelids," that an "odor of metabolized alcohol" emanated

---

[5] Although the supreme court's decision in *Caruana* did not specifically address whether an officer's report must be incorporated into a DIC-23 report, there is no suggestion by the court that such incorporation is necessary for admissibility. Instead, the court indicated that the officer's report was admissible as a standalone document. In addition, one of our sister courts, following *Caruana*, has held that incorporation of an officer's affidavit is not necessary for admissibility. *Texas Dep't of Pub. Safety v. Cardenas*, No. 13-15-00091-CV, 2015 WL 4593517, at *4 (Tex. App.—Corpus Christi 2015, no pet.) (mem. op.).

from the vehicle, and that upon questioning, Saintes "adm[itted] to consuming multiple alcoholic beverages." According to the DIC-23 report, when Trooper Brechtel administered the Standardized Field Sobriety Tests, Saintes exhibited 6 out of 6 clues on Horizontal Gas Nystagmus and 4 out of 8 clues on the Walk and Turn Test, and 2 out of 4 clues on the One Leg Stand Test. In his DWI Case Report, Brechtel supplied additional details concerning the results of these field sobriety tests, including that (1) on the Horizontal Gaze Nystagmus test, Saintes's eyes "lacked smooth pursuit, had distinct and sustained nystagmus at maximum deviation, and had onset of nystagmus prior to 45 degrees"; (2) on the Walk and Turn test, Saintes "lost balance during instructions, failed to touch heel to toe, took the wrong number of steps, and stepped off line"; and (3) on the "One Leg Stand test, [Saintes] swayed and put his foot down." In sum, substantial evidence exists to support the ALJ's detailed findings of fact concerning Trooper Brechtel's observations during the traffic stop, which in turn support the ALJ's determination that probable cause existed to believe that Saintes was operating a motor vehicle in a public place while intoxicated.

The county court at law erred in reversing the ALJ's order of suspension based on Saintes's objections to the admission of the DWI Case Report. Consequently, we sustain DPS's sole issue on appeal.

## CONCLUSION

We reverse the trial court's order and render judgment reinstating the ALJ's order authorizing DPS to suspend Saintes's driver's license.

/s/ Scott K. Field
Scott K. Field
Justice

Before Chief Justice Brister and Justices Field and Farris.